**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **STANDARD INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| **v.** | ) | |
| | ) | **CA No.:  1:06-CV-1755** |
| | ) | |
| **Raleigh L. Burch, Jr.,** | ) | |
| | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |

**PLAINTIFF STANDARD INSURANCE COMPANY'S MOTION FOR AN**
**TEMPORARY RESTRAINING ORDER AND MOTION FOR ORDER TO APPEAR**
**AND SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 65.1, Plaintiff Standard Insurance Company ("Standard"), through undersigned counsel, hereby moves this Court for a Temporary Restraining Order ("TRO") against Defendant Raleigh L. Burch, Jr. Standard further requests that the Court issue an Order requiring Defendant to appear and show cause why the Court should not issue a preliminary injunction.  Pursuant to Local Rule 7(f), Standard respectfully requests oral argument on the within motion.

1.    The purpose of the TRO and Preliminary Injunction is to enjoin Defendant from removing his portion of the proceeds from a life insurance policy insuring the life of his deceased wife, Priscilla Davila of $172,033.99 ("the Benefit"), or any portion of it, from an interest bearing Standard Secure Access Account ("the Account") which Standard established so that

Defendant could cash checks on the Benefit following the death of Defendant's spouse until the Court can determine the right of the Defendant to the Benefit.

2.      This Motion is supported by the Verified Complaint filed in this matter, Standard's separately filed Memorandum supporting its application for a TRO and a preliminary injunction, and the record.  A TRO and preliminary injunction are necessary to prevent Standard from suffering irreparable harm if the Benefit is disbursed.

3.      These papers establish that Standard has (a) a substantial likelihood of success on the merits, (b) that it would suffer irreparable harm without the injunction; (c) an injunction will not substantially injure Defendant because Standard is not requesting to freeze any assets besides the Benefit paid; and (d) the public interest of the citizens and employees of the District Columbia will be furthered by the injunction.

4.      Concurrent with this Application, undersigned counsel files a certification in accordance with Local Rule 65.1 indicating that she tried to provide Defendant with notice but that he did not return her telephone calls.

WHEREFORE, Standard respectfully requests that the Court immediately enter a TRO against Defendant to:

1.      Restrain Defendant from removing the Benefit, or any portion of it, from the Account;

2.      Continue the TRO in full force and effect through and including a hearing before this Court on Standard's request for the entry of a preliminary injunction;

3.      Following the hearing on the request for a preliminary injunction, convert the TRO into a preliminary injunction enjoining Defendant from spending the Benefit until the Court decides Defendant's right, if any, to the Benefit; and

4.    Grant Standard such other and further relief as the Court deems to be just and equitable under the circumstances.

Dated: October 17, 2006                    Respectfully Submitted,

                                           JORDEN BURT, LLP


                          By:    _/s/ Sheila J. Carpenter_____
                                 Sheila J. Carpenter (D.C. Bar No. 935742)
                                 1025 Thomas Jefferson Street, N.W.
                                 Suite 400 East
                                 Washington, D.C.  20007-5208
                                 Telephone: 202-965-8165
                                 Facsimile:  202-965-8104
                                 Email: sjc@jordenusa.com

                                 Attorneys for Plaintiff Standard
                                 Insurance Company



**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via hand delivery, on Raleigh L. Burch, Jr., 3157 Cherry Rd., NE, Washington, D.C.  20018 on this 17th day of October, 2006.


                          /s/ Sheila J. Carpenter_____
                                 Sheila J. Carpenter


169351 v.2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **STANDARD INSURANCE COMPANY,** ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff,* ) | |
| **v.** ) | |
| ) | **CA No.: 1:06-CV-1755** |
| **RALEIGH L. BURCH, JR.,** ) | |
| ) | |
| ) | |
| *Defendant*. ) | |
| ) | |
| ) | |

**PLAINTIFF STANDARD INSURANCE COMPANY'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR
ORDER TO SHOW CAUSE WHY
<u>PRELIMINARY INJUNCTION SHOULD NOT ISSUE</u>**

In accordance with Federal Rule of Civil Procedure 65(b) and Local Rule 65.1,, Standard

Insurance Company ("Standard") submits this Memorandum of Law in support of its Motion for

a Temporary Restraining Order ("TRO") and requiring Defendant Raleigh L. Burch, Jr. to appear

and show cause why a Preliminary Injunction should not issue on the claims alleged in

Standard's Verified Complaint. Defendant has refused to turn over funds totaling $172,033.99

that Standard paid to Defendant by placing them in an interest-bearing Standard Secure Access

account established in Defendant's name ("SSA account"). The funds are a portion of the death

benefit under the life insurance policy that insured the life of Defendant's wife, Priscilla Davila

("Decedent"), who died of an illness on April 10, 2006. After depositing the funds in the SSA

account, Standard received a new beneficiary designation form signed by the Decedent a month

before her death that did not name Defendant as a beneficiary under the life insurance policy.

Instead, Decedent designated that her two adult daughters (Ehuniz Davila and Kimberly Davila-Leftenant) should each receive fifty percent (50%) of the proceeds. Therefore, Defendant's failure to turn over the funds threatens Standard with irreparable harm because of the impending use of those funds. Also, without enjoining Defendant from spending the Benefit, any determination that Defendant is not entitled to retain the Benefit would be unenforceable.

Thus, Standard asks the Court to enjoin Defendant from writing checks and/or withdrawing funds from the SSA account.

## I.     Background

Standard issued a group life insurance policy to the District of Columbia ("the Policy"). (Verified Complaint ("Ver. Compl.") Exh. A & ¶ 1.) Decedent, a District of Columbia employee, had life insurance coverage under the Policy insuring her life in the amount of $352,000 ("the Benefit"). (*Id.* ¶¶ 2 & 6.) On April 10, 2006, Decedent died of an illness. (*Id.* ¶ 7.) Thereafter, on September 18, 2006, Standard received notice of Decedent's death and received a beneficiary designation form signed by the Decedent on September 5, 2004. (*Id.* ¶ 8; Ver. Compl. Exhibit B). According to the beneficiary designation form, the proceeds were to be paid out in the following amounts: fifty percent (50%) to Defendant, thirty-five percent (35%) to Ehuniz L. Davila, one of the Decedent's adult daughters and fifteen percent (15%) to Kimberly A. Davila-Leftenant, her other adult daughter. (*Id.* ¶ 8.)

After receiving the notice and the beneficiary designation form, Standard paid the Benefit to the Defendant, and the Decedent's two adult daughters in the amounts specified in the beneficiary form. (Ver. Compl. ¶¶ 9 & 10.) Standard paid the Defendant fifty percent of the proceeds by establishing an interest bearing Standard Secure Access Account ("the Account") at Northern Trust Company in Chicago, Illinois. (*Id.* ¶ 9.) Standard sent Defendant a checkbook

that would enable him to write checks in order to draw down the $172,033.99 he received as his portion of the Benefit.[1]  (*Id.*)

After paying the Benefit, including $172,033.99 to the Defendant, Standard received from Kimberly Davila-Leftenant a new beneficiary designation form signed by the Decedent on March 2, 2006.  (Ver. Compl. ¶ 11; Ver. Compl. Exh. C.)  This form did not designate Defendant as a beneficiary, but instead named the Decedent's two adult daughters (Ehuniz Davila and Kimberly Davila-Leftenant) as the sole beneficiaries and instructed that they should each receive fifty percent (50%) of the proceeds.  (*Id.*)

After receiving this new beneficiary form and determining that this form superseded the previous designation form, Standard sent, via Federal Express overnight delivery, Defendant a demand letter on October 12, 2006 requesting that he refund the $172,033.99 to Standard or explain why he disagreed with Standard's position that the new signed beneficiary designation form superseded the previous designation form.  (Ver. Compl. ¶ 12.)  Defendant has not yet responded to the letter nor has he returned telephone calls from the undersigned.

## II.    ARGUMENT

The purpose of granting a TRO and preliminary injunctive relief is to preserve the status quo pending the final outcome of the action.  *See Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998).  To demonstrate entitlement to a preliminary injunction and TRO, "a litigant must show '1) a substantial likelihood of success on the merits, 2) that it would suffer irreparable injury if the injunction is not granted, 3) that an injunction would not substantially injure other interested parties, and 4) that the public interest would be furthered by the injunction.'"  *Mova Pharm. Corp.*, 140 F.3d at 1066 (quoting *CityFed Financial Corp. v. Office*

---

[1]     Standard also paid $3,966.01 to Stewart Funeral Home pursuant to an assignment of benefits form signed by Defendant.  (Ver. Compl. ¶ 9.)  Standard is not seeking recovery of this money.  (*Id.*)

*of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)); *see also Guam Indus. Services, Inc. v. Rumsfeld*, 383 F. Supp. 2d 112, 115 (D.D.C. 2005) (same standard for TRO and preliminary injunction).  "The district court balances the litigant's showings in these four areas in deciding whether to grant an injunction."  *Id.* at 1066 (citing *CityFed Financial*, 58 F.3d at 747).  "The four factors should be balanced on a sliding scale, and a party can compensate for a lesser showing on one factor by making a very strong showing on another factor."  *Guam Indus.*, 383 F. Supp. 2d at 116 (citing *CSX Transp., Inc. v. Williams*, 406 F.3d 667, 670 (D.C. Cir. May 3, 2005) (citing *CityFed Fin. Corp.*, 58 F.3d at 747)).

As demonstrated below, the relevant equitable factors have been met in this case.[2]

**A.      Standard Has A Substantial Likelihood of Success on the Merits**

Standard is likely to succeed in obtaining a declaration that Defendant should not have received payment of the Benefit pursuant to the 2004 beneficiary form when it was superseded by a beneficiary form signed by Decedent on March 2, 2006.  The new beneficiary designation form is signed and dated, in writing, and identifies the new beneficiaries.  (*See* Ver. Compl. Exh. C.)  Therefore, this form appears to have superseded the prior beneficiary designation, and deprives Defendant of any Benefit under the Policy.

Thus, if as shown above, Standard is likely to succeed on its declaratory judgment claim, Standard would also succeed on its unjust enrichment claim, because Defendant has been unjustly enrichment by the Benefit he received and continues to retain.  *See 4934, Inc. v. District of Columbia Dep't of Employment Services,* 605 A.2d 50, 55 (D.C. 1992) ("Unjust enrichment

---

[2]      As stated in the Motion, attached in compliance with Local Rule 65.1 is a certification detailing the efforts made to provide notice to Defendant.  So far Standard has not been able to get in touch with Defendant.  It will continue its efforts.

occurs when a person retains a benefit (usually money) which in justice and equity belongs to another").[3]

### B.     Standard May Suffer Irreparable Harm If The Court Does Not Grant The Requested Injunctive Relief

A plaintiff seeking a TRO must demonstrate "irreparable injury … absent the injunction." *See Nat'l Wildlife Found. v. Burford*, 835 F.2d 305 (D.C. Cir. 1987).  "An injunction may issue to protect assets that are the subject of the dispute or to enjoin conduct that might be enjoined under a final order." *In re Fredeman Litigation*, 843 F.2d 821, 825 (5th Cir. 1988).  The possibility of dissipating assets so that funds no longer exist in order to compensate the Plaintiff can establish irreparable harm. *See In re Focus Media, Inc.*, 387 F.3d 1077, 1086 (9th Cir. 2004)(bankruptcy court properly entered preliminary injunction where evidence showed that assets were being dissipated by primary shareholder)

Given the strong likelihood of success on the merits, Standard need only present a relatively weak showing as to the possibility of irreparable injury.  *Guam Indus.*, 383 F. Supp. 2d at 116 (citations omitted).  Defendant has not responded to Standard's request to return the Benefit, which is on deposit in an identifiable form.  If Defendant disburses, transfers or in any way disposes of the Benefit prior to the resolution of  the dispute concerning the entitlement to the Benefit, Standard may not have any remedy.  The Benefit will no longer be easily identifiable, and may not be traceable or recoverable.

Unlike the situation where a party seeks an injunction to protect a fund for a potential legal judgment, Standard here is seeking to protect the very same proceeds it paid to Defendant, which it is now entitled to recover. *See De Beers Consolidated Mines, United States, Ltd.* 325

---

[3]      "The party who retains the benefit is obliged to make restitution to the person who conferred the benefit ''if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for [the recipient] to retain it.''"  *Kramer Associates, Inc. v. Ikam, Ltd.*, 888 A.2d 247, 254 (D.C. 2005) (citing *4934,* 605 A.2d at 56 ( quoting Restatement of Restitution § 1 cmt. c (1937)).

U.S. 212, 220 (1945) (recognizing propriety of an injunction granted as to a "fund or property which could have been the subject of the provision of any final decree in the cause"); *Elliott v. Kiesewetter,* 98 F.3d 47, 58 (3d Cir. 1996) ("we hold that a court may find that a party seeking an asset freeze to preserve a money judgment may show irreparable injury by showing that the freeze is necessary to prevent the consumption, dissipation or fraudulent conveyance of the assets that the party pursuing the asset freeze seeks to recover in the underlying litigation"). Further, the Benefit is a significant amount of money and there is no indication that Defendant has sufficient assets to pay any judgment if he spends the Benefit.  Finally, if this Court finds that Defendant is not entitled to the Benefit and has no assets to pay the judgment, then Standard will have to pay additional money to the Decedent's adult daughters in order to provide any proceeds that should have been paid to them under the new beneficiary form.  Therefore, Standard will be left without any adequate remedy at law unless this Court enjoins Defendant from spending the Benefit.  *See Bender v. Jordan*, 439 F. Supp. 2d 139, 177 (D.D.C. 2006) (irreparable injury shown where there is no adequate remedy at law) (citing *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297).

### C.     The Balance of Hardships Favors Standard

As explained above, without the injunction, Standard will suffer irreparable harm. Defendant, meanwhile, will not be harmed by the injunction. The requested restraint will not freeze Defendant's assets or limit his normal way of life.  The injunction will merely maintain the status quo until a determination of coverage is made.  If Defendant establishes the invalidity of the second beneficiary form, Defendant will receive the Benefit with interest.  Because the TRO and subsequent preliminary injunction are narrowly tailored to affect only the Benefit, which Defendant is not entitled to, the Court should maintain the status quo.

D.     **The Public Interest Favors Standard**

The citizens of the District of Columbia have an interest in seeing that the rightful named beneficiaries are paid pursuant to a group policy owned by the District of Columbia.  The public certainly does not have an interest in allowing someone who may not be entitled to the Benefit to receive the money.  This interest favors granting the TRO and enjoining Defendant from spending the Benefit.

**III. CONCLUSION**

Standard has satisfied all of the requirements for injunctive relief under the law. Accordingly, it respectfully requests the Court to issue the requested relief.

Dated: October 17, 2006                    Respectfully submitted,

                                           JORDEN BURT, LLP


                              By:    /s/ Sheila J. Carpenter
                                     Sheila J. Carpenter (D.C. Bar No. 935742)
                                     1025 Thomas Jefferson Street, N.W.
                                     Suite 400 East
                                     Washington, D.C.  20007-5208
                                     Telephone: 202-965-8165
                                     Facsimile:  202-965-8104
                                     Email: sjc@jordenusa.com

                                     Attorneys for Plaintiff Standard
                                     Insurance Company

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via hand delivery, on Raleigh L. Burch, Jr., 3157 Cherry Rd., NE, Washington, D.C. 20018 on this 17th day of October, 2006.


_/s/ Sheila J. Carpenter_____
Sheila J. Carpenter


169354v2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **STANDARD INSURANCE COMPANY,** )<br>)<br>)<br>)<br>*Plaintiff,* )<br>**v.** )<br>)<br>**RALEIGH L. BURCH, JR.,** )<br>)<br>)<br>*Defendant.* )<br>)<br>) | **CA No.: 1:06-CV-1755** |

**TEMPORARY RESTRAINING ORDER**

WHEREAS, the Court has considered the Verified Complaint, sworn to October 13, 2006, Plaintiff Standard Insurance Company's ("Standard") Application for a *Temporary Restraining Order,* and the Memorandum of Law submitted in support thereof, and the [lack of] Opposition thereto, and the Court has found that, absent such an interim order, Plaintiff will suffer immediate and irreparable harm before a hearing can be had on Plaintiff's Motion for Preliminary Injunction, in that there is a substantial likelihood that Defendant will spend the Benefit and Standard will be unable to collect; there is a substantial likelihood that Standard will prevail on the merits; an injunction will not substantially injure Defendant because Standard is not requesting to freeze any assets besides the Benefit paid; and further that an order of limited duration should be entered in order to preserve the *status quo,* and

WHEREAS, the Court is of the opinion that the temporary restraining **order** should be issued; NOW, THEREFORE, IT IS ORDERED THAT:

1.      The Defendant  is enjoined from removing the Life Insurance Benefit ("the

Benefit") paid by Standard, or any portion of it, from the an interest bearing Standard Secure

Access Account ("the Account") in which Standard established so that Defendant could cash

checks on the Benefit following the death of Defendant's spouse Account;

2.      The Temporary Restraining Order will remain in full force and effect through and

including a hearing before this Court on Standard's request for the entry of a preliminary

injunction.

3.      This Order is conditioned upon Standard giving security on or before October

_____, 2006, at 5:00 p.m. by filing a bond in the amount of _____ Dollars for such costs as

maybe incurred by Defendant if he is found to have been wrongfully restrained.


Dated:   Washington, D.C.
         _____ October, 2006
         _____ AM/PM


                              _____
                                   United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **STANDARD INSURANCE COMPANY,** ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff,* ) | |
| **v.** ) | |
| ) | **CA No.:  1:06-CV-1755** |
| **RALEIGH L. BURCH, JR.,** ) | |
| ) | |
| ) | |
| *Defendant.* ) | |
| ) | |
| ) | |

**ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION
SHOULD NOT ISSUE AND ORDER OF NOTICE**

Upon the Verified Complaint, sworn to on October 13, 2006, the Motion for Preliminary Injunction, the Application for a Temporary Restraining Order and the Memorandum of Law submitted by Plaintiff, and sufficient cause appearing therefor, it is:

ORDERED that Defendant Raleigh L. Burch, Jr. show cause before this Court in Courtroom _____, United States District Courthouse for the District of Columbia, on the ____ day of October, 2006 at _____M., or as soon thereafter as counsel may be heard, why an order should not be entered herein pursuant to Rule 65(a) of the Federal Rules of Civil Procedure granting the injunctive relief prayed for in the Plaintiff's Motion for a Preliminary Injunction, and it is further

ORDERED, that service or delivery of copies of this order, together with the papers submitted in support hereof, to Defendant or his attorneys, by hand, facsimile, email or overnight delivery service, by ____ M. on October ___, 2006, shall be deemed good and sufficient service.

Dated: October _____, 2006

_____
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **STANDARD INSURANCE COMPANY,** ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff,* ) | |
| **v.** ) | |
| ) | **CA No.: 1:06-CV-1755** |
| ) | |
| **Raleigh L. Burch, Jr.,** ) | |
| ) | |
| ) | |
| *Defendant.* ) | |
| ) | |
| ) | |

**RULE 65.1 CERTIFICATION REGARDING NOTICE TO DEFENDANT**

Pursuant to Local Rule 65.1 of the United States District Court for the District of Columbia, the undersigned counsel for Plaintiff Standard Insurance Company ("Standard") hereby certifies as to the efforts made by counsel to provide Defendant with notice of Plaintiff's application for a temporary restraining order:

1.     On October 16, 2006, at approximately 11:00 a.m., I telephoned Defendant at his work (202-678-1077) and his home (202-269-3711). I left a message advising that I was an attorney for Standard, referenced the letter he had received from Standard on October 13, 2006, and requested that Defendant return my call.

2.     Because I did not receive a response from Defendant yesterday or this morning, I have filed the attached papers without speaking to Defendant. I have hired a process server to serve Defendant with the papers filed in this case in order to provide him with sufficient notice.

3.     I drafted a cover letter to be served by the process server informing him that he

needs to call me about the hearing. I provided him with my telephone number so that he or his attorney could telephone me. I also advised him that he may wish to retain counsel.

4.    I verify that the facts set forth herein are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 28 U.S.C. § 1746.


Dated: October 17, 2006                    Respectfully Submitted,



By:    /s/ Sheila J. Carpenter
       Sheila J. Carpenter (D.C. Bar No. 935742)
       JORDEN BURT, LLP
       1025 Thomas Jefferson Street, N.W.
       Suite 400 East
       Washington, D.C.  20007-5208
       Telephone: 202-965-8165
       Facsimile:  202-965-8104
       Email: sjc@jordenusa.com

       Attorneys for Plaintiff Standard
       Insurance Company



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via hand delivery, on Raleigh L. Burch, Jr., 3157 Cherry Rd., NE, Washington, D.C. 20018 on this 17th day of October, 2006.


       /s/ Sheila J. Carpenter
       Sheila J. Carpenter


169414

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **STANDARD INSURANCE COMPANY,** | ) |
|  | ) |
|  | ) |
|  | ) |
| *Plaintiff,* | ) |
| **v.** | ) |
|  | ) |
| **RALEIGH L. BURCH, JR.,** | ) |
|  | ) |
|  | ) |
| *Defendant.* | ) |
|  | ) |
|  | ) |

**Case No.:  1:06-CV-1755-RMC**

## PRELIMINARY INJUNCTION

WHEREAS, the Court has considered the Verified Complaint, sworn to October 13, 2006, Plaintiff Standard Insurance Company's ("Standard") Application for a *Temporary Restraining Order,* and the Memorandum of Law and Supplemental Memorandum of Law submitted in support thereof, and the Opposition thereto, and the entire record herein, and the Court has found that, absent such an injunction, Plaintiff will suffer immediate and irreparable harm, in that there is a substantial likelihood that Defendant will spend the Benefit and Standard will be unable to reclaim it; there is a substantial likelihood that Standard will prevail on the merits; an injunction will not substantially injure Defendant because Standard is not requesting to constrain any assets besides the Benefit paid; and further that an order should be entered in order to preserve the *status quo* until such time as entitlement to the Benefit can be determined, and

WHEREAS, the Court is of the opinion that the injunction should be issued; NOW, THEREFORE, IT IS ORDERED THAT:

1.      The Defendant  is enjoined from removing the remaining Life Insurance Benefit ("the Benefit") paid by Standard, or any portion of it, from the interest bearing Standard Secure Access Account ("the Account") which Standard established so that Defendant could cash checks on the Benefit following the death of Defendant's spouse Account.  Defendant is further enjoined from spending or transferring any funds from the Benefit that once were in  or are now in any bank account, investment account or other financial account within Defendant's possession or control;

2.      The Defendant is ordered to file an accounting with the Court detailing how the Defendant has spent the Benefit, and the location of funds from the Benefit (including the name and address of the financial institution, along with any account numbers) no later than November ___, 2006;

3.      This Order is conditioned upon Standard continuing to give security in the form of a bond in the amount of Fifteen Thousand Dollars ($15,000) for such costs as may be incurred by Defendant if he is found to have been wrongfully restrained.


Dated:   Washington, D.C.
             _____ November, 2006
             _____ AM/PM


                                         _____
                                         United States District Judge