IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| **Standard Insurance Company** * | | |
| * | | |
| Plaintiff * | | |
| * | | |
| vs. * | Case No.: 1:06-CV-01755-RMC | |
| * | Judge: Rosemary M. Collyer | |
| **Raleigh L. Burch, Jr.** * | | |
| * | | |
| Defendant * | | |

*    *    *    *    *    *    *    *    *    *    *    *    *

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ORDER TO APPEAR AND SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

COMES NOW Defendant, Raleigh L. Burch, Jr., by and through his attorney Harry A. Suissa, Esquire, and in opposition to Plaintiff Standard Insurance Company's Motion for a Temporary Restraining Order and Motion for Order to Appear and Show Cause why a Preliminary Injunction Should Not Issue hereby states as follows:

1. That Plaintiff has failed to establish a substantial likelihood of success on the merits in the above-captioned matter.

2. That Plaintiff has failed to establish that it would suffer irreparable harm without a preliminary injunction.

3. That Defendant will suffer substantial injury by an issuance of a preliminary injunction.

4. That the public interest of the citizens and employees of the District of Columbia will not be furthered by the issuance of a preliminary injunction.

5. That this Motion is supported by a separately filed Memorandum in opposition to Plaintiff's request for a preliminary injunction.

WHEREFORE, Defendant requests:

A. That Plaintiff's request for a preliminary injunction be denied;

B. That Defendant be awarded reasonable attorney fees and costs of these proceedings;

C. That Defendant be awarded such other and further relief as the nature of his cause may require.

Respectfully submitted,

_____/s/_____
Harry A. Suissa
DC Bar No.: 962407
8720 Georgia Avenue, Suite 1010
Silver Spring, Maryland 20910
(301)589-1600
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on \_\_\_\_ day of November 2006, a copy of the foregoing **Defendant's Opposition to Plaintiff's Motion for a Temporary Restraining Order and Motion for Order to Appear and Show Cause Why a Preliminary Injunction Should Not Issue** was filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to: Sheila Jane Carpenter at Jorden Burt, LLP, 1025 Thomas Jefferson Street, NW, Suite 400 East, Washington, DC 20007, email: sjc@jordenusa.com.

_____/s/_____
Harry A. Suissa

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| **Standard Insurance Company** | * | |
| Plaintiff | * | |
| vs. | * | **Case No.:** 1:06-CV-01755-RMC |
| | * | **Judge**: Rosemary M. Collyer |
| **Raleigh L. Burch, Jr.** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

_____UPON CONSIDERATION of Defendant's Opposition to Plaintiff's Motion for a Temporary Restraining Order and Motion for Order to Appear and Show Cause Why a Preliminary Injunction Should Not Issue , it is this_____ day of

_____, 2006,

ORDERED, that Plaintiff's Motion for a Preliminary Injunction be and is hereby

DENIED, and it is further

ORDERED, that Defendant be awarded attorney's fees and cost of these proceedings in the amount of $_____.

_____
United States District Judge,
Rosemary M. Collyer

**copies to:**

Harry A. Suissa
8720 Georgia Avenue, Suite 1010
Silver Spring, Maryland 20910

Sheila Jane Carpenter
Jorden Burt, LLP
1025 Thomas Jefferson Street, NW, Suite 400 East
Washington, DC 20007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| **Standard Insurance Company** | * | |
| Plaintiff | * | |
| vs. | * | Case No.: 1:06-CV-01755-RMC |
| | * | Judge: Rosemary M. Collyer |
| **Raleigh L. Burch, Jr.** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ORDER TO APPEAR AND SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

COMES NOW Defendant, Raleigh L. Burch, Jr., by and through his attorney Harry A. Suissa, Esquire, and submits this Memorandum of Law in support of his opposition to Plaintiff Standards Insurance Company's Motion for a Temporary Restraining Order and Motion for Order to Appear and Show Cause why a Preliminary Injunction Should Not Issue.

**I.  Background**

Plaintiff seeks a Preliminary Injunction in order to prevent Defendant from dissipating his share of proceeds from a life insurance policy, insuring the life of his deceased wife, Priscilla Davila, from an account Plaintiff established for Defendant, until the court can determine Defendant's right to the benefit. Pl.'s Mo. T.R.O. ¶ 1 (October 17, 2006). This court granted Plaintiff's request for a Temporary Restraining Order, enjoining Defendant from spending or transferring any funds from the benefit, and ordered that a hearing on Plaintiff's request for a Preliminary Injunction be held on November 13, 2006. Or. Granting Pl.'s Mo.

T.R.O. ¶¶ 1-3 (October 31, 2006).

## II.     Argument

"A preliminary injunction is an extraordinary remedy," and in order to prevail on a motion for a preliminary injunction, the moving party must show (1) that they have a substantial likelihood of success on the merits, (2) that they would suffer irreparable harm if injunctive relief was denied, (3) that other interested parties would not be substantially harmed and (4) that it would be in the public interest to issue an injunction.  *Cobell vs. Norton,* 391 F.3d 251, 258 (D.C. Cir. 2004).  Furthermore, when the Plaintiff moves for a preliminary injunction they "bear the burdens of production and persuasion."  *Qualls vs. Rumsfeld*, 357 F.Supp.2d 274, 281 (D.D.C. 2005).  Although, Plaintiff can meet these burdens with evidence that is less complete than would be required for a trial on the merits, the evidence offered must be credible.  *Id*.

Plaintiff has produced no persuasive or credible evidence that indicates Defendant is not fully entitled to the benefits he received, and has thus failed to meet its burden.

### A.     *Plaintiff has failed to show, and cannot show, a substantial likelihood of success on the merits.*

Count I seeks declaratory and injunctive relief based upon there being a actual controversy between the named parties concerning entitlement to the Benefit pursuant to two different beneficiary designation forms being submitted to the Plaintiff.  Pl.'s Compl. ¶ 14 (October 16, 2006).  However, the only evidence

Plaintiff offers to show that it will succeed on the merits is the fact that they received a new beneficiary designation form (signed by decedent) and that said form superseded the pervious one. *Id.* at ¶¶ 11, 12 & 19; Pl.'s Memo. in Support Mo. T.R.O. (October 17, 2006). Plaintiff does not offer any evidence as to the validity of the second beneficiary designation form or if it was ever properly received by the insurer. Nor did Plaintiff attempt to produce the two (2) witnesses to the form to testify as to its authenticity. Also, Plaintiff admits that the form was submitted to them by Kimberly Davila-Leftenant, one of the beneficiaries, which makes her less than credible. Pl.'s Compl. ¶ 11 (October 16, 2006). Moreover, Ms. Davila-Leftenant was to receive only fifteen percent (15%) of the proceeds of the policy under the original beneficiary designation form and fifty percent (50%) of the proceeds under the second beneficiary designation form, casting further doubt on her credibility as well as the authenticity of the second form. *Id.* at ¶¶ 8 & 11.

In fact under the terms of the Policy (Pl.'s Compl. Ex. A (October 16, 2006)) between the deceased and the Plaintiff, there is but one valid designation form (Pl.'s Compl. Ex. B (October 16, 2006)). The other designation form (Pl.'s Compl. Ex. C (October 16, 2006)) fails to satisfy the terms of the contract (Pl.'s Compl. Ex. A) between the insured and the insurer.

Under the terms of the policy, with respect to naming a beneficiary, the policy states as follows:

> You must name or change Beneficiaries in writing. Your designation:
>
> 1. Must be dated and signed by you;
>
> 2. Must be delivered to the Policyholder or Employer during your

>   lifetime;
>
>   3.  Must be related to the insurance provided under the Group Policy; and
>
>   4.  Will take effect on the date it is delivered to the Policyholder or Employer.
>
>   If we approve it, a written designation signed and dated by you under the Prior Plan will be accepted as your Beneficiary designation under the Group Policy.

(Pl.'s Compl. Ex. A, 18-19). In order for any designation to be valid it must meet all the requirements of the policy contract between the parties. As is obvious from a review of the first designation of beneficiary (Pl.'s Compl. Ex. B) all requirements have been met, and thus the first designation of beneficiary is a valid designation, however, with respect to the second designation of beneficiary (Pl.'s Compl. Ex. C) there are some substantial omissions that invalidate this designation. First and foremost, there is no indication that this designation of beneficiary form was delivered to the policyholder or employer during the employee's lifetime or was ever submitted, delivered, received or approved by the policyholder or employer. Nor has Plaintiff offered any other creditable evidence or testimony to that effect. Special attention is drawn to the last line of the second designation of beneficiary (Pl.'s Compl. Ex. C) where there is no indication of who was the receiving agency, date of receipt, or any other indication that it met the requirements of the policy contract so as to be considered a valid designation of a change of beneficiaries.

In this jurisdiction, it is well settled law that with respect to Federal

Employee's Life Insurance, as well as the District of Columbia version of the same, that literal compliance with the statute and the policy contract flowing out of the statute is required when designating or changing beneficiaries.  See *Burleson vs. Burleson*, 277 A.2d 647, 648 (D.C. Cir. 1971) and *Thomas vs. Metropolitan Life Ins. Co.*, 921 F. Supp. 810, 811 (D.D.C. 1996)(citing with approval the holding in *Burleson*).

In the instant case, the Plaintiff being in possession of both designation of beneficiary forms could clearly observe that the later dated form was not fully completed, in that it bore no indication of having been received and/or approved by either the policyholder or the employer prior to the death of the designator. This is in contrast to the earlier dated designation which clearly evidenced receipt and approval well before the death of the designating party. Despite the differences between the two forms, not to mention the seeming discrepancies in the signatures affixed to the forms, and the presumed familiarity of the Plaintiff with the requirements of its own drafted contract with the insured, the Plaintiff makes no claim that it investigated or sought to ascertain whether the allegedly superseding beneficiary designation was ever received by it or the employer prior to the death of its insured.  This failure to ascertain or even claim that the later designation was in compliance with the requirements of the policy contract renders the second designation of beneficiary (Pl.'s Compl. Ex. C), though on its face superseding the first designation of beneficiary (Pl.'s Compl. Ex. B), invalid as designation of beneficiary change.  See *Bolle v.Hume*, 619 A.2d 1192, 1198 (D.C.

App.1993)(court found that a change of beneficiary designation, if not in strict compliance with the policy terms, must be in writing and any change in the beneficiaries must be evidenced with some unmistakable proof that decedent made the change).

Thus, it is highly unlikely that Plaintiff will succeed on the merits. It is significant to note that "it is particularly important for the movant to demonstrate a substantial likelihood of success on th merits." *Guam Industrial Services, Inc. vs. Rumsfeld*, 383 F.Supp.2d 112, 115 (D.D.C. 2005).

### B. *That Plaintiff has failed to establish, and cannot establish, that it would suffer irreparable harm without a preliminary injunction.*

Plaintiff's assert that if a preliminary injunction is not issued they will suffer an economic loss in that the benefit assets will no longer be identifiable, may not be traceable or recoverable and if squandered or conveyed they would be left without an adequate remedy at law. Pl.'s Compl. ¶ 18 (October 16, 2006).

However, the law in the D.C. Circuit is clear in that "economic loss does not in and of itself, constitute irreparable harm." *Guam Industrial Services, Inc. vs. Rumsfeld*, 383 F.Supp.2d 112, 121 (D.D.C. 2005)(quoting *Wisconsin Gas Co. vs. Fed. Energy Regulatory Comm.*, 758 F2d 669, 674 (D.C. Cir. 1985). Furthermore:

> The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation weighs heavily against a claim of irreparable harm.

*Id.* In this case the Plaintiff fails to show that it will suffer anything but an economic

6

loss and the only evidence it offers to show that Defendant may not be able to pay a potential judgment is the statement that "the Benefit is a significant amount of money and there is no indication that Defendant has sufficient assets to pay any judgment if he spends the Benefit." Pl.'s Memo. in Support Mo. T.R.O. 6 (October 17, 2006). This clearly does not meet Plaintiff's burden of production and persuasion. *Qualls at* 281.

### C. That Defendant will suffer substantial injury by an issuance of a preliminary injunction.

Contrary to the argument proffered by Plaintiff, and as the foregoing argument by Defendant shows, Defendant is likely to prevail on the merits of this case, thus, depriving him of the use of monies that rightfully belong to him, will cause him substantial injury, especially in light of the amount of monies involved.

### D. That the public interest of the citizens and employees of the District of Columbia will not be furthered by the issuance of a preliminary injunction.

Defendant has made it clear that Plaintiff is unlikely to succeed on the merits of this case and where a Plaintiff's claim lacks merit it is not in the public interest for the court to grant an injunction and it is in the public interest to deny such relief when the requested relief is not deserved under law. *Qualls at* 287.

### III. Conclusion

Plaintiff has not meet its burden of producing persuasive and credible evidence that it is entitled to a preliminary injunction, accordingly the court should

deny its Motion and award Defendant reasonable attorney's fees and costs of these proceedings.

Respectfully submitted,

/s/
Harry A. Suissa
DC Bar No.: 962407
8720 Georgia Avenue, Suite 1010
Silver Spring, Maryland 20910
(301)589-1600
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____ day of November 2006, a copy of the foregoing **Defendant's Memorandum of Law in Support of His Opposition to Plaintiff's Motion for a Temporary Restraining Order and Motion for Order to Appear and Show Cause Why a Preliminary Injunction Should Not Issue** was filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to: Sheila Jane Carpenter at Jorden Burt, LLP, 1025 Thomas Jefferson Street, NW, Suite 400 East, Washington, DC 20007, email: sjc@jordenusa.com.

/s/
Harry A. Suissa