IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDARD INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>RALEIGH L. BURCH, JR.,<br><br>EHUNIZ L. DAVILA<br>4312 G St., S.E.<br>Washington, D.C. 20019<br><br>and<br><br>KIMBERLY A. DAVILA-LEFTENANT<br>1310 Kingsbury Drive<br>Bowie, MD 20721<br><br>*Defendants.* | CA No.: 1:06-CV-1755 |

## VERIFIED AMENDED COMPLAINT

Plaintiff Standard Insurance Company ("Standard"), by and through its undersigned counsel, brings the following Amended Complaint against Defendants Raleigh L. Burch, Ehuniz L. Davila and Kimberly Davila-Leftenant for (i) declaratory judgment and injunctive relief and (ii) unjust enrichment, in support thereof avers as follows:

### I. Parties

1. Standard is an Oregon corporation, with its principal place of business in Portland, Oregon. Standard issued Group Policy 641332-A ("the Policy") to the District of Columbia. A copy of the Policy was attached as Exhibit A to the Verified Complaint.

2. Defendant Burch was the husband of the Decedent Priscilla Davila ("the Decedent"), who was a District of Columbia employee and had life insurance coverage under the Policy. Defendant is a citizen of the District of Columbia and resides at 3157 Cherry Road, Northeast, Washington, D.C. 20018.

3. Defendants Ehuniz L. Davila and Kimberly A. Davila-Leftenant are the adult daughters of the Decedent. Decedent named these two Defendants as beneficiaries under the Policy. Ehuniz L. Davila is a citizen of the District of Columbia and resides at 4312 G. St., S.E., Washington, D.C. 20019. Kimberly A. Davila-Leftenant is a citizen of Maryland and resides at 1310 Kingsbury Drive, Bowie, MD 20721. Standard invited both daughters to voluntarily join this lawsuit. Because they have not yet responded to Standard's request, Standard has named both as Defendants pursuant to Federal Rule of Civil Procedure 19(a).

## II. Jurisdiction and Venue

4. Jurisdiction exists by virtue of diversity of citizenship under 28 U.S.C. Section 1332. Standard is an Oregon corporation with its principal place of business in Portland, Oregon. Defendants Ehuniz L. Davila and Raleigh L. Burch are citizens of the District of Columbia. Defendant Kimberly A. Davila-Leftenant is a citizen of the State of Maryland. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Immediate injunctive relief is sought pursuant to Federal Rule of Civil Procedure 65(a).

6. Venue is proper in this judicial district under 28 U.S.C. Section 1391(a)(1) and (2), as this is the district in which two of the Defendants reside and a substantial part of the events giving rise to the claims set forth herein occurred in this judicial district.

### III.    The Facts Common to All Claims

7.    The Decedent was an employee of the District of Columbia and had life insurance coverage under the Policy insuring her life for the amount of Three Hundred Fifty-two Thousand Dollars ($352,000.00) ("the Benefit").

8.    Decedent died of an illness on April 10, 2006.

9.    On September 18, 2006, Standard received notice of the Decedent's death and received a beneficiary designation form signed by the Decedent on September 5, 2004 (attached to the Verified Complaint as Exhibit B). According to the beneficiary designation form, the proceeds were to be paid out in the following amounts: fifty percent (50%) to Defendant Burch, thirty-five percent (35%) to Defendant Ehuniz L. Davila and fifteen percent (15%) to Defendant Kimberly A. Davila-Leftenant.

10.   Upon reviewing the Decedent's death certificate and the beneficiary designation form signed by the Decedent in 2004, Standard paid Defendant Burch fifty percent of the proceeds by establishing an interest bearing Standard Secure Access Account ("the Account") at Northern Trust Company in Chicago, Illinois. Standard sent Defendant Burch a check book that would enable him to write checks in order to draw down the $172,033.99 he received as his portion of the Benefit. Standard also paid $3,966.01 to Stewart Funeral Home pursuant to an assignment of benefits form signed by Defendant Burch. Standard is not seeking recovery of the money paid to the funeral home.

11.   Standard also paid the Decedent's two adult daughters, Defendants Ehuniz Davila and Kimberly Davila-Leftenant the other fifty percent (50%) of the Benefit according to the amounts specified in the 2004 beneficiary designation form. Defendant Ehuniz Davila received

3

$123,200.00 and Kimberly Davila-Leftenant received $53,887.15. Standard is not seeking recovery of the money paid to these two Defendants.

12. After paying the Benefit, Standard received from Defendant Kimberly Davila-Leftenant a new beneficiary designation form signed by the Decedent on March 2, 2006 (attached to the Verified Complaint as Exhibit C). This form did not designate Defendant Burch as a beneficiary, but instead named the Decedent's two adult daughters (Defendants Ehuniz Davila and Kimberly Davila-Leftenant) as the sole beneficiaries and instructed that they should each receive fifty percent (50%) of the proceeds.

13. After receiving this new beneficiary form and determining that this form superseded the previous designation form, Standard sent, via Federal Express overnight delivery, Defendant Burch a demand letter on October 12, 2006 requesting that he refund the $172,033.99 to Standard and if he disagreed with Standard's position that the new signed beneficiary designation form superseded the previous designation form, to explain why. Defendant Burch did not respond to the letter nor did he return telephone calls made by the undersigned counsel for Standard. He has since asserted, through his attorney, that the March 2, 2006 beneficiary form is invalid.

14. Prior to receiving Standard's notice and in the days after receiving notice, the Account's ledger shows that Defendant Burch cashed nine checks in the following amounts for a total of $184,280.86:

(i)   Check Number 1001, dated October 6, 2006, for the amount of $2,000.00;
(ii)  Check Number 1002, dated October 7, 2006, for the amount of $49,454.08;
(iii) Check Number 1003, dated October 7, 2006, for the amount of $17,247.78;
(iv)  Check Number 1004, dated October 14, 2006, for the amount of $50,000.00;

(v)     Check Number 1005, dated October 14, 2006, for the amount of $50,000.00;
(vi)    Check Number 1006, dated October 14, 2006 for the amount of $3,000.00;
(vii)   Check Number 1007, dated October 16, 2006, for the amount of $250.00;
(viii)  Check Number 1010, dated October 26, 2006, for the amount of $7,329.00; and
(ix)    Check Number 1011, dated October 31, 2006, for the amount of $5,000.00.

15.     Check numbers 1003, 1004, 1005, 1006, 1007, 1010 and 1011 were all made out to Raleigh L. Burch.  Check number 1002 was made out to Bank of America, and was originally returned for an irregular signature, but ultimately cleared.  Check number 1001 was made out to a Ms. Shande Burch.  These checks cleared on October 12, 2006, October 13, 2006, October 17, 2006, October 18, 2006, October 28, 2006 and November 1, 2006.  Check number 1003 ($17,247.78) did not clear, because the payee was altered from Bank of America to Raleigh L. Burch.

16.     On October 30, 2006, Leon Leftenant, Kimberly Davila-Leftenant's husband, demanded that Standard Insurance pay the money originally paid to Defendant Burch to Defendants Ehuniz Davila and Kimberly Davila-Leftenant pursuant to the March 3, 2006 beneficiary designation form.  Mr. Leftenant threatened litigation unless Standard paid these two Defendants the other fifty percent of the Benefit.

## COUNT I

### DECLARATORY AND INJUNCTIVE RELIEF

17.     Standard incorporates by reference its allegations in Paragraphs 1-16 above, as if fully set forth herein.

18.     An actual controversy exists between Standard and the Defendants concerning entitlement to the Benefit pursuant to the two different beneficiary designation forms.

5

19. Standard is a legal person under the Policy, whose status and legal relationships are affected by the Policy, and is thus entitled a obtain declaration of rights, status and legal obligations under the Policy.

20. Standard requests that the Court enjoin Defendant Burch from (i) removing the remaining Benefit, or any portion of it, from the Account, or squandering or conveying any assets, accounts, real or personal property or other items purchased or funded with money from the Account ("Benefit Assets ") until such time as the Court determines which beneficiary designation form is valid and (ii) order Defendant Burch to provide an accounting detailing how Defendant Burch spent the Benefit if the Court determines that the March 3, 2006 beneficiary form is valid.

21. Standard requests that the Court convert the Temporary Restraining Order issued on October 31, 2006 precluding Defendant Burch from removing the Benefit, or any portion of it, from the Account, or squandering or conveying any Benefit Assets into a preliminary injunction. The Court should enjoin Defendant from spending the remaining Benefit or Benefit Assets in his possession or control until the Court determines which beneficiary designation form controls.

22. If Defendant Burch disburses, transfers or in any way disposes of the remaining Benefit or Benefit Assets in his possession or control prior to the resolution of the parties' dispute, Standard may not have any remedy. The Benefit or Benefit Assets will no longer be identifiable, and may not be traceable or recoverable. If the Benefit is used up, or Benefit Assets squandered or conveyed, Standard may be left without any adequate or meaningful remedy at law. Thus, Standard faces irreparable harm if the Court does not enjoin Defendant Burch from

removing the Benefit, or any portion of it, from the Account and/or from squandering or conveying the remaining Benefit Assets in his possession and/or control.

23. In light of the new beneficiary form signed by the Decedent a month before her death designating that the two other Defendants each receive half of the Benefit, Standard is likely to succeed on the merits of its claim.

24. A balancing of the equities favors converting the Temporary Restraining Order into a preliminary injunction in favor of Standard. The injunctive relief Standard requests would enjoin Defendant Burch from spending the remaining proceeds which would allow the Court to make a final decision concerning each Defendant's entitlement to the Benefit.

## COUNT TWO

### UNJUST ENRICHMENT

25. Standard incorporates by reference its allegations in Paragraphs 1-16 above, as if fully set forth herein.

26. Defendant Burch received a benefit he was not entitled to, and therefore has been unjustly enriched.

27. Standard is entitled to the return of the Benefit, because Defendant Burch's continued possession of the Benefit would be unjust, inequitable and will result in irreparable harm and loss.

**WHEREFORE**, Standard respectfully requests that the Court grant the following relief:

1. An Order declaring whether the March 2, 2006 beneficiary designation form superseded the 2004 beneficiary designation form, and thus who are the rightful beneficiaries;

2. Converting the October 31, 2006 temporary restraining order into a preliminary injunction enjoining Defendant from disbursing or in any way disposing of the remaining Benefit or Benefit Assets until the Court decides Standard's Action; and

3. An Order granting such other and further relief to Standard as the Court deems appropriate.

Dated: November 10, 2006

Respectfully Submitted,

JORDEN BURT, LLP

By: /s/ Sheila J. Carpenter
Sheila J. Carpenter (D.C. Bar No. 935742)
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C. 20007-5208
Telephone: 202-965-8165
Facsimile: 202-965-8104
Email: sjc@jordenusa.com

Attorneys for Plaintiff Standard Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STANDARD INSURANCE COMPANY, )
)
)
)
*Plaintiff,* )
v. )
) CA No.: 1:06-CV-1755
RALEIGH L. BURCH, JR., )
EHUNIZ L. DAVILA AND )
KIMBERLY A. DAVILA-LEFTENANT )
)
)
*Defendants.* )
)

## VERIFICATION

I, Holly Carstens, Senior Life Benefits Analyst for Standard Insurance Company, do hereby verify that the allegations of the foregoing Verified Complaint are true and correct to the best of my knowledge and belief.

*/s/ Holly Carstens*
Holly Carstens
Senior Life Benefits Analyst
Standard Insurance Company

Subscribed and sworn to before me
this 9th day of November, 2006

*/s/ Eva S. Colletto*
Notary Public
My Commission expires: 7/19/08

OFFICIAL SEAL
EVA S. COLLETTO
NOTARY PUBLIC-OREGON
COMMISSION NO. 382411
MY COMMISSION EXPIRES JULY 19, 2008

170311