IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANDARD INSURANCE COMPANY, | ) |
| *Plaintiff*, | ) |
| v. | ) CA No.: 1:06-CV-1755-RMC |
| RALEIGH L. BURCH, JR., | ) |
| EHUNIZ DAVILA | ) |
| and | ) |
| KIMBERLEY LEFTENANT, | ) |
| *Defendants*. | ) |

**DEFENDANTS LEFTENANT AND DAVILA'S ANSWER TO VERIFIED
AMENDED COMPLAINT OF PLAINTIFF STANDARD INSURANCE**

COME NOW Defendants Kimberley Leftenant and Ehuniz Davila (hereinafter "Defendants"), by and through counsel, answering the Verified Amended Complaint of Standard Insurance Company (hereinafter "Plaintiff"), and setting forth their affirmative defenses and counter claims.

1.  Admitted.

2.  Defendants are without sufficient information or belief to admit or deny the allegations in this paragraph concerning Defendant Burch's marital status or residency. Defendants admit that the Decedent was a District of Columbia employee and had life insurance coverage under the Policy.

3. Defendants deny the allegations of the fifth sentence of this paragraph. Defendants admit the remainder of the allegations this paragraph, except that Ehuniz Davila currently resides at 720 Hamilton Street, NW, Washington, D.C. 20011.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Defendants admit that according to the beneficiary designation form signed by the Decedent on September 5, 2004, the proceeds were to be paid out as indicated. Defendants are without sufficient information or belief to admit or deny the remaining allegations of this paragraph.

10. Defendants are without sufficient information or belief to admit or deny the allegations in this paragraph.

11. Admit.

12. Defendants admit the allegations of this paragraph, except that Plaitiff received the March 2, 2006 beneficiary form from Defendant Leftenant before the Benefit was paid to Defendant Burch.

13. Defendants admit that Defendant Raleigh Burch asserts that the March 2, 2006 beneficiary form is invalid. Defendants are without sufficient information or belief to admit or deny the remaining allegations in this paragraph.

14. Defendants are without sufficient information or belief to admit or deny the allegations in this paragraph.

15. Defendants are without sufficient information or belief to admit or deny the allegations in this paragraph.

16. Defendants admit the allegations of this paragraph, except that October 30, 2006 was not the date of the earliest demand for payment that Leon Leftenant made to Standard Insurance.

17. Defendants repeat the answers set forth in the foregoing paragraphs and the answers are incorporated herein by reference as if fully set out.

18. The allegations in this paragraph state a legal conclusion that requires no answer.

19. The allegations in this paragraph state a legal conclusion that requires no answer.

20. This paragraph sets forth Plaintiff's prayer for relief and, therefore, requires no response.

21. This paragraph sets forth Plaintiff's prayer for relief and, therefore, requires no response.

22. Defendants are without sufficient information or belief to admit or deny the allegations in this paragraph.

23. Defendants admit that Decedent signed a new beneficiary form designating that Defendants Davila and Leftenant each receive half of the Benefit. The remaining allegations in this paragraph state a legal conclusion that requires no answer.

24. The allegations of this paragraph state a legal conclusion that requires no answer.

25. Defendants repeat the answers set forth in the foregoing paragraphs and the answers are incorporated herein by reference as if fully set out.

26. Admit.

27. The allegations in this paragraph state a legal conclusion that requires no answer.

The remainder of Plaintiff's Verified Amended Complaint further sets forth Plaintiff's request for relief and, therefore, requires no response.

## AFFIRMATIVE DEFENSES

28. As to Defendants Davila and Leftenant, this Complaint is barred by Plaintiff's failure to state a cause of action upon which relief can be granted.

29. The matters referred to in this Complaint were proximately caused, in whole or in part, by the Plaintiff and/or others affiliated with the Plaintiff in that Plaintiff failed to exercise for its own protection the proper care and precautions which prudent persons under the same and similar circumstances would have exercised.

30. The matters referred to in this Complaint were proximately caused, in whole or in part, by the acts or omissions of a third party or parties.

## COUNTERCLAIMS

31. Defendants repeat paragraphs 1 to 30.

32. The March 2, 2006 beneficiary form was signed by the Decedent and was properly and fully witnessed according to the District of Columbia Employee Group Life Insurance instructions, and, therefore, supersedes the 2004 form.

33.    Defendant Leftenant is entitled to payment by Plaintiff of her remaining half share of the Benefit, as designated in the March 2, 2006 beneficiary form, in the sum of $123,200.00, plus pre-judgment and post-judgment interest and costs.

34.    Defendant Davila is entitled to payment by Plaintiff of her remaining half share of the Benefit, as designated in the March 2, 2006 beneficiary form, in the sum of $53,877.15, plus pre-judgment and post-judgment interest and costs.

35.    Plaintiff was made aware of the March 2, 2006 beneficiary form prior to making any disbursement to Defendant Burch.

36.    Despite demands, Plaintiff has failed and/or refused to disburse the remaining payments to Defendants Leftenant and Davila.

WHEREFORE, Defendants Leftenant and Davila demand judgment as follows:

a.    an Order declaring that the March 2, 2006 beneficiary designation for supersedes the 2004 beneficiary designation form, and thus that Defendants Davila and Leftenant are the sole and rightful beneficiaries thereof;

b.    that Plaintiff immediately pay Defendant Leftenant the sum of $123,200.00, plus pre-judgment and post-judgment interest and costs;

c.    that Plaintiff immediately pay Defendant Davila the sum of $53,877.15, plus pre-judgment and post-judgment interest and costs;

d.    that Defendants Leftenant and Davila recover from Plaintiff reasonable attorney's fees and costs of this action; and

e.    that Defendants Leftenant and Davila be awarded such other and further relief as the nature of their cause may require.

DATED: December 18, 2006                    Respectfully submitted,

                                            _____/s/_____
                                            Angela S. Robinson (D.C. Bar No. 477672)
                                            A.S. ROBINSON & ASSOCIATES, PLLC
                                            152 Adams Street, NW
                                            Washington, DC 20001
                                            angela.robinson@asrobinson.net
                                            202-462-4440 (o)

                                            Attorney for Defendants Leftenant and Davila

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 18th day of December, 2006, a copy of the foregoing **Defendants Leftenant and Davila's Answer to Verified Amended Complaint of Plaintiff Standard Insurance** was filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to: Sheila J. Carpenter at sjc@jordenusa.com, Robin M. Sanders at rms@jordenusa.com, and Harry A. Suissa at suissalaw@aol.com.

                                                         _____/s/_____
                                                        Angela S. Robinson