IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| **Standard Insurance Company** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | Case No.: 1:06-CV-01755-RMC |
| | * | Judge: Rosemary M. Collyer |
| **Raleigh L. Burch, Jr.** | * | |
| | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT BURCH'S OPPOSITION TO DEFENDANTS LEFTENANT AND DAVILA'S REQUEST TO OFFER LIVE TESTIMONY AT THE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

COMES NOW Defendant, Raleigh L. Burch, Jr., by and through his attorney, Harry A. Suissa, and in Opposition to Defendant Leftenant and Davila's Request to Offer Live Testimony at the Hearing on Plaintiff's Motion for Preliminary Injunction hereby states as follows:

1. That Defendant Burch objects to Defendant Leftenant and Davila's request to offer the testimony of Joseph Zarek, Certified Forensic Document Examiner & Handwriting Expert for the following reasons:

    a. That it is Plaintiff's burden to show a substantial likelihood of success on the merits when seeking a preliminary injunction.

    b. That Defendants Leftenant and Davila stand in the same position as Plaintiff on this issue since they are in agreement with Plaintiff that a preliminary injunction should be issued against Defendant Burch.

    c. That there have been two prior hearings on Plaintiff's Motion

for a Preliminary Injunction, one on November 13, 2006 and one on December 13, 2006 and at both hearings Plaintiff failed to offer testimony of a handwriting expert and Defendants Leftenant and Davila failed to offer testimony of a handwriting expert at the second hearing (Defendants Leftenant and Davila were not added as Defendants until November 15, 2006 and were served on November 26, 2006 and December 7, 2006, respectively).

d. That Defendant Burch filed his Request to Offer Live Testimony at the Hearing on Plaintiff's Motion for Preliminary Injunction on November 9, 2006, in which he named his handwriting expert Katherine M. Koppenhaver.  Thus, the parties have been on notice since November 9, 2006, that Defendant Burch intended on calling a handwriting expert to testify.  Yet, Plaintiff failed to offer their own expert testimony at both prior hearings and Defendants Leftenant and Davila failed to offer their own expert testimony at the last hearing. Furthermore, Defendants Leftenant and Davila filed their request to offer their own expert on December 18, 2006, approximately thirty nine (39) days and two (2) hearings after Defendant Burch filed his request and indicated his intent to offer expert handwriting testimony.

e. That Plaintiff and Defendants Leftenant and Davila should not

        be allowed a third opportunity to prove a substantial likelihood of success on the merits, when they failed to do so at two (2) prior hearings.

    f.    That even if Joseph Zarek offers favorable testimony to Plaintiff and Defendants Leftenant and Davila's position, Defendant Burch's expert would have already offered conflicting testimony, thus Plaintiff and Defendants Leftenant and Davila cannot meet their burden of showing a substantial likelihood of success on the merits, since their likelihood of success would be marginal at best and would certainly not be substantial.

    g.    That given the foregoing reasons, the need for the testimony of Joseph Zarek is outweighed by considerations of undue delay and would be a waste of time.

2.    That Defendant Burch objects to Defendant Leftenant and Davila's request to offer the testimony of Leon Leftenant:

    a.    That Mr. Leftenant was present in the courtroom on December 13, 2006 (i.e. at the hearing on Plaintiff's Motion for Preliminary Injunction), and listened to the proceedings.

    b.    That Mr. Leftenant's testimony has been tainted by his presence in the courtroom on December 13, 2006.

    c.    That Defendants Leftenant and Davila should have instructed Mr. Leftenant to remain outside of the courtroom since they

planned on calling him as a witness.

    d.    That the subject matter that Mr. Leftenant is planning on testifying to, i.e. the estrangement of Defendant Burch and the insured is irrelevant.

    e.    That Mr. Leftenant testimony would be a waste of time and would cause undue delay.

WHEREFORE, Defendant Burch respectfully requests:

A.    That Defendants Leftenant and Davila's request to offer the testimony of Joseph Zarek and Leon Leftenant be denied;

B.    For such other and further relief as the nature of his cause may require.

Respectfully submitted,

    /s/
Harry A. Suissa
DC Bar No.: 962407
8720 Georgia Avenue, Suite 1010
Silver Spring, Maryland 20910
(301)589-1600
Attorney for Defendant

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 20th day of December 2006, a copy of the foregoing **Defendant Burch's Opposition to Defendants Leftenant and Davila's Request to Offer Live Testimony at the Hearing on Plaintiff's Motion for Preliminary Injunction** was filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to: Sheila Jane Carpenter at Jorden Burt, LLP, 1025 Thomas Jefferson Street, NW, Suite 400 East, Washington, DC 20007, email: sjc@jordenusa.com and to Angela S. Robinson at

152 Adams Street, NW, Washington, DC 20001, email:
angela.robinson@asrobinson.net

                                              /s/
_____Harry A. Suissa