IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| **Standard Insurance Company** * | | |
| * | | |
| Plaintiff * | | |
| * | | |
| vs. * | **Case No.:** 1:06-CV-01755-RMC | |
| * | **Judge**: Rosemary M. Collyer | |
| **Raleigh L. Burch, Jr.** * | | |
| * | | |
| Defendant * | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED VERIFIED COMPLAINT**

COMES NOW Defendant, Raleigh L. Burch, Jr., by and through his attorney, Harry A. Suissa, pursuant to Federal Rule 12, and in answer Plaintiff's Amended Verified Complaint hereby states as follows:

1. Defendant is without sufficient information to either affirm or deny the allegations as set forth in paragraph one (1) of Plaintiff's Amended Verified Complaint.

2. Defendant admits the allegations as set forth in paragraph two (2).

3. Defendant admits that Defendants Ehuniz L. Davila and Kimberly A. Davila-Leftenant are the adult daughters of the decedent and that the decedent named them both as beneficiaries under the policy, but further states that he is without sufficient information to either affirm or deny the remaining allegations as set forth in paragraph three (3).

4. Defendant admits the allegations as set forth in paragraph four (4).

5. Federal Rule of Civil Procedure 65(a) speaks for itself.

6. Defendant admits the allegations as set forth in paragraph six (6).

7. Defendant admits the allegations as set forth in paragraph seven (7).

8. Defendant admits the allegations as set forth in paragraph eight (8).

9. Defendant is without sufficient information to either affirm or deny the allegations as set forth in paragraph nine (9), but further states that according to the beneficiary designation form, the proceeds were to be paid out as follows: fifty percent (50%) to Defendant, thirty five percent (35%) to Ehuniz L. Davila and fifteen percent (15%) to Kimberly A. Davila-Leftenant.

10. Defendant admits the allegations as set forth in paragraph ten (10).

11. Defendant is without sufficient information to either affirm or deny the allegations as set forth in paragraph eleven (11).

12. Defendant denies the allegations as set forth in paragraph twelve (12).

13. Defendant denies the allegations as set forth in paragraph thirteen (13), but further states that the March 2, 2006 beneficiary form is invalid.

14. Defendant is without sufficient information to either affirm or deny the allegations as set forth in paragraph fourteen (14).

15. Defendant is without sufficient information to either affirm or deny the allegations as set forth in paragraph fifteen (15).

16. Defendant is without sufficient information to either affirm or deny the allegations as set forth in paragraph sixteen (16).

17. Defendant incorporates by reference his answers to Paragraphs 1-16

above, as if fully set forth herein.

18. Defendant denies the allegations as set forth in paragraph eighteen (18).

19. Paragraph nineteen (19) calls for a legal conclusion to which Defendant is not competent to answer.

20. Paragraph twenty (20) is a request for relief and does not require an answer.

21. Paragraph twenty one (21) is a request for relief and does not require an answer.

22. Paragraph twenty two (22) is a request for relief and does not require an answer.

23. Defendant denies the allegations as set forth in paragraph twenty three (23).

24. Defendant denies the allegations as set forth in paragraph twenty four (24).

25. Defendant incorporates by reference his answers to Paragraphs 1-24 above, as if fully set forth herein.

26. Defendant denies the allegations as set forth in paragraph twenty six (26).

27. Defendant denies the allegations as set forth in paragraph twenty seven (27).

## DEFENSES

I. Plaintiff's Amended Verified Complaint fails to state a claim upon

which relief can be granted.

II. The second designation of beneficiary form (attached to Plaintiff's Verified Complaint as exhibit "C") is void on its face.

III. The second designation of beneficiary form (attached to Plaintiff's Verified Complaint as exhibit "C") was not properly received by the agency authorized to receive said form.

IV. The second designation of beneficiary form (attached to Plaintiff's Verified Complaint as exhibit "C") was not signed by the insured.

V. Plaintiff assumed the risk of its alleged damages.

VI. Plaintiff's alleged damages were due to the negligence of Plaintiff or another third party over whom the Defendant exercised no control.

VII. Plaintiff's claims are barred by estoppel.

VIII. Plaintiff's claims are barred by laches.

IX. Plaintiff's claims are barred by waiver.

WHEREFORE, Defendant requests:

A. That Plaintiff's Amended Verified Complaint be dismissed in its entirety and all relief requested therein be denied;

B. That reasonable counsel fees and costs of suit be awarded to Defendant;

C. For such other and further relief as the nature of his cause may require.

_____Respectfully submitted,

                                                                   /s/
                                                Harry A. Suissa
                                                DC Bar No.: 962407
                                                8720 Georgia Avenue, Suite 1010
                                                Silver Spring, Maryland 20910
                                                (301)589-1600
                                                Attorney for Defendant

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on 14th day of December 2006, a copy of the foregoing **Defendant's Answer to Plaintiff's Amended Verified Complaint** was filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to: Sheila Jane Carpenter at Jorden Burt, LLP, 1025 Thomas Jefferson Street, NW, Suite 400 East, Washington, DC 20007, email: sjc@jordenusa.com and to Angela S. Robinson at 152 Adams Street, NW, Washington, DC 20001, email: angela.robinson@asrobinson.net.


                                                                   /s/
                                                Harry A. Suissa