UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STANDARD INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:06-CV-1755 (RMC) |
| ) | |
| RALEIGH L. BURCH, JR., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEET AND CONFER REPORT

The undersigned counsel for Plaintiff Standard Insurance Company ("Standard") and Defendants Ehuniz L. Davila and Kimberly A. Davila-Leftenant ("Davila Defendants"), met and conferred on March 22, 2007 (by telephone) to discuss the matters required by F.R.Civ.P. 26(f) and Local Rule 16.3(c). Below is a recitation of the parties' agreements pursuant to Local Rule 16.3. Counsel for co-defendant, Raleigh L. Burch, Jr. ("Burch"), has reviewed but did not timely consent to this report; he did consent to the scheduling agreements included herein. A proposed scheduling order is attached hereto.

## INTRODUCTION

This litigation is a dispute over life insurance benefits paid on the life of Priscilla Davila, a former D.C. Public School employee. As a result of Ms. Davila's death on April 10, 2006, Plaintiff Standard paid $172,033.99 of the life insurance benefit (approx. 50% of the policy's total benefit) to Defendant Burch, the deceased's estranged

husband, and the remaining 50% to the Davila Defendants, her two daughters, based upon a beneficiary designation form submitted to Standard. A second beneficiary form, designating only Ms. Davila's two daughters as beneficiaries, was then submitted to Standard. Defendant Burch disputes that the second form is valid. The Davila Defendants assert that the second form is indeed valid and want the benefits reallocated to them accordingly.

Upon receiving the second form, Standard requested that Burch return the funds so that Standard could re-allocate the benefits pursuant to the new beneficiary designation form. The parties do not agree as to the exact date and time when Defendant Burch became aware that the funds were in dispute.

When Burch did not respond, Standard filed suit seeking declaratory and injunctive relief as well as relief based upon a claim of unjust enrichment. On December 22, 2006, this Court issued a preliminary injunction enjoining Burch from further spending any of the disputed insurance benefits. Burch advises that he has complied with the injunction.

## LOCAL RULE 16.3 (C) TOPICS

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

This cannot be determined until discovery is completed.

**(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all [of] the factual and legal issues can be agreed upon or narrowed.**

     a)  Any other parties should be joined and any pleadings should be amended by May 16, 2007.

     b)  The parties believe that it is premature to attempt to narrow or agree upon some or all of the factual and legal issues.  Some of the issues may be narrowed after discovery.

**(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

     No.

**(4) Whether there is a realistic possibility of settling the case.**

     After some discovery is done, settlement talks might be productive.

**(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.  In assessing the above, counsel shall consider:**
    **(I) the client's goals in bringing or defending the litigation;**
    **(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement**
    **(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:**
        **(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information;**
            **and**
        **(bb) whether ADR should take place before or after the judicial resolution of key legal issues;**
    **(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and**

**(v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

Counsel have discussed the use of ADR but, as noted above, believe it would be premature at this time. After some modest discovery is done,[1] the parties would prefer a settlement conference with a magistrate judge or court-appointed mediator. Since counsel believe ADR is premature, they cannot say at this point whether a stay of discovery would be appropriate at the time that ADR becomes useful.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

As noted above, it is unclear whether the case can be resolved on motion. However, if dispositive motions are filed, they will be filed pursuant to the following schedule:

Motions for Summary Judgment due: October 29, 2007

Oppositions due: November 28, 2007

Replies due: December 19, 2007

Target decision date: February 28, 2008

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

---

[1] Such modest discovery would include the issuance of subpoenas to non-party banks and one or two depositions.

4

The parties have stipulated to dispensing with the initial disclosures required by F.R.Civ.P. 26(a)(1).

**(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

Normal limits on the number of depositions and interrogatories should apply. The parties propose a discovery cutoff of September 14, 2007. They propose to decide on whether a protective order is necessary after discovery is underway and they can see what is requested.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The parties agree on the following regarding experts:

Expert reports due:  August 10, 2007

Rebuttal reports due:  August 31, 2007

Expert discovery cutoff:  September 14, 2007

**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not believe the trial or discovery should be bifurcated.

5

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Some time in March 2008.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties believe that a firm trial date should be set at the first scheduling conference so that the parties, counsel, experts and lay witnesses can reserve the dates on their calendars and the trial can proceed reasonably soon after the pretrial conference. If the date is not set until the pretrial conference, the number of counsel and witnesses, the length of the trial and the Court's busy docket will likely mean that the trial cannot be held for several months. Also, nothing concentrates a mind on the desirability of settlement like a firm trial date.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

Date: April 9, 2007

Respectfully submitted,

/s/ *Sheila J. Carpenter*
Sheila J. Carpenter
D.C. Bar No. 935742
sjc@jordenusa.com

Robin M. Sanders
D.C. Bar No. 481523
rms@jordenusa.com
Jorden Burt LLP
1025 Thomas Jefferson St. NW
Suite 400 East

6

Washington, D.C. 20007
202-965-8100
202-965-8104 (fax)

Attorneys for Plaintiff
Standard Insurance Company


/s/*Angela S. Robinson*
Angela S. Robinson
D.C. Bar. No. 477672
angela.robinson@asrobinson.net
A.S. Robinson & Associates, PLLC
152 Adams Street, NW
Washington, D.C. 20001
202-462-4440
202-462-3663 (fax)

Attorney for Defendants
Ehuniz Davila and
Kimberly Leftenant

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 9th day of April, 2007, a copy of the foregoing **Meet and Confer Report with attached proposed order** was filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to: Angela Robinson, Esquire, at angela.robinson@asrobinson.net and Harry A. Suissa at suissalaw@aol.com.

                                      /s/ *Sheila J. Carpenter*
                                      Sheila J. Carpenter

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **STANDARD INSURANCE COMPANY,** | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | Case No.: **1:06-CV-1755 (RMC)** |
| **RALEIGH L. BURCH, JR.,** *et al.*, | ) ) ) ) | |
| *Defendants*. | ) ) | |

**SCHEDULING ORDER**

It is this ___ day of _____, 2007 **ORDERED** that the following schedule shall apply to this case:

1. The parties shall have until May 16, 2007 to join additional parties and amend pleadings.

2. F.R.Civ.P 26(a)(1) disclosures are waived.

3. The cutoff for fact discovery is September 14, 2007.

4. Expert reports are due August 10, 2007, with rebuttal reports due August 31, 2007.

5. Expert depositions may be taken and the expert discovery cutoff is September 14, 2007.

6. Dispositive motions shall be due October 29, 2007, the oppositions due November 28, 2007, and the replies due December 19, 2007. The Court will endeavor to rule on the motions by February 28, 2008.

7. Date for the pretrial conference: March __, 2008 at ____ .m.

- 1 -

        8.      Pretrial statements shall be filed and served no later than _____,
2008.

        9.      Trial will be set on the first available date after _____, 2008.

_____
Rosemary M. Collyer
United States District Judge

Copies to:

Sheila J. Carpenter
Robin M. Sanders
Jorden Burt LLP
1025 Thomas Jefferson St. NW
Suite 400 East
Washington, D.C. 20007

Harry A. Suissa
8720 Georgia Avenue
Suite 1010
Silver Spring, MD 20910

Angela S. Robinson
A.S. Robinson & Associates, PLLC
152 Adams Street, NW
Washington, D.C. 20001