**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
(Civil Division)

| | | |
|---|---|---|
| **Standard Insurance Company** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | **Case No.:** 1:06-CV-01755-RMC |
| | * | **Judge**: Rosemary M. Collyer |
| **Raleigh L. Burch, Jr.** | * | |
| | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT RALEIGH L. BURCH JR.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STANDARD INSURANCE COMPANY

To:   Standard Insurance Company
c/o Sheila Jane Carpenter, Esquire
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington, DC 20007

From: Raleigh L. Burch, Jr.
c/o Harry A. Suissa, Esquire
8720 Georgia Avenue, Suite 1010
Silver Spring, MD 20910

Pursuant to Rule 34, Federal Rules of Civil Procedure, you are requested to file within thirty (30) days a written response to each request on the attached Document Schedule and to produce those documents for inspection and copying in the Law Offices of Harry A. Suissa, PC, 8720 Georgia Avenue, Suite 1010, Silver Spring, Maryland 20910.

In lieu of such production, you may attach to your written response a true copy of all documents identified in your response, ***except for the document requested in number Twenty Two (22), which Defendant Burch demands to inspect the original.***

**REQUESTS**

1.  All documents identified in your answers to this party's interrogatories.

2.  All documents identified in your answers to the interrogatories of any other party.

3.  All written reports of each person whom you expect to call as an expert witness at trial.

4.  The most recent resume or curriculum vitae of each expert whom you expect to call as an expert witness at trial.

5.  All notes, diagrams, photographs or other documents prepared or reviewed in connection with their assignment in this case by each person whom you expect to call as an expert witness at trial.

6.  All drafts, working papers or documents generated by each witness, whom you intend to call as an expert at trial, in connection with the opinions and subjects on which the witness is expected to testify.

7.  Each publication or paper that was written or worked on by each witness whom you intend to call as an expert at trial, and which refers or relates to the opinions and subjects on which the witness is expected to testify.

8.  Each transcript of testimony given by each witness whom you intend to call as an expert at trial.

9.  All written or recorded statements of this party, or of any agent, representative or employee of this party, concerning the subject matter of this action.

10. All written or recorded statements of any other party, or of any agent, representative or employee any other party, concerning the subject matter of this action.

11. All written or recorded statements of Barbara A. Durham, Laura Greer or Leon Leftenant, concerning the subject matter of this action.

12. All documents concerning any release, settlement or other agreement, formal or informal, pursuant to which the liability of any person for any injury or damage arising out of the occurrence has been limited, reduced or released in any manner.

13.   All documents that support the damages that you claim in this action.

14.   All photographs, videotapes or audiotapes, X-rays, diagrams, surveys, or other graphic representations of information concerning the subject matter of this action.

15.   All documents that constitute, contain information about, refer or relate to any conversation, communication or meeting between your employees, agents, representatives or other third parties concerning the validity of the Designation of Beneficiary forms (that are the subject of the above-captioned matter) dated September 5, 2004 and March 2, 2006.

16.   All documents that constitute, contain information about, refer or relate to any conversation, communication or meeting between your employees, agents, representatives or other third parties and Alicia J. Davis-Waters concerning the validity of the Designation of Beneficiary forms (that are the subject of the above-captioned matter) dated September 5, 2004 and March 2, 2006.

17.   All documents that constitute, contain information about, refer or relate to any conversation, communication or meeting between your employees, agents, representatives or other third parties in connection with the above-captioned matter.

18.   All documents that contain information about, refer or relate to the subject matter of this lawsuit.

19.   All documents which support the allegations as set forth in your Verified Amended Complaint.

20.   All documents which you intend to introduce as evidence at the trial in the above-captioned matter.

21.   A complete copy of the insurance policy including and addendums, amendments or attachments that is the subject of the above-captioned matter.

22.   The original Designation of Beneficiary Form dated March 2, 2006. (Plaintiff may contact the undersigned attorney to arrange a mutually convenient time for the inspection of said document).

Respectfully submitted,

_____/s/_____

Harry A. Suissa
DC Bar No.: 962407
8720 Georgia Avenue, Suite 1010
Silver Spring, Maryland 20910
(301)589-1600
Attorney for Defendant Burch

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of September 2007, a copy of the foregoing **Defendant Raleigh L. Burch Jr.'s Request for Production of Documents to Defendant Standard Insurance Company** was filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to: Sheila Jane Carpenter at Jorden Burt, LLP, 1025 Thomas Jefferson Street, NW, Suite 400 East, Washington, DC 20007, email: sjc@jordenusa.com and to Angela S. Robinson at 152 Adams Street, NW, Washington, DC 20001, email: angela.robinson@asrobinson.net.

_____/s/_____

Harry A. Suissa

4