IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| **Standard Insurance Company** | * |
| Plaintiff | * |
| vs. | *   Case No.: 1:06-CV-01755-RMC |
| | *   **Judge**: Rosemary M. Collyer |
| **Raleigh L. Burch, Jr.** | * |
| Defendant | * |

*    *    *    *    *    *    *    *    *    *    *    *    *

### DEFENDANT RALEIGH L. BURCH JR.'S INTERROGATORIES TO DEFENDANT EHUNIZ DAVILA

To:    Ehuniz Davila
       c/o Angela S. Robinson, Esquire
       152 Adams Street, NW
       Washington, DC 20001

From:  Raleigh L. Burch, Jr.
       c/o Harry A. Suissa, Esquire
       8720 Georgia Avenue, Suite 1010
       Silver Spring, MD 20910

### Instructions

Pursuant to Rule 33, Federal Rules of Civil Procedure, you are requested to answer within thirty (30) days the following Interrogatories:

(a)  Pursuant to Rule 33(b), your response shall set forth the interrogatory, and its answer, and "shall be answered separately and fully in writing, under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable. The answers are to be signed by the person making them, and the objections signed by the attorney making them."

(b)  Also pursuant to Rule 26(e), these interrogatories are continuing in nature so as to require you to promptly amend or supplement your answers if you obtain further material information.

(c)  Further, pursuant to Rule 33(d), you may elect to specify and

produce business records of yours in answer to any interrogatory then in accordance with that Rule your "specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer can be ascertained."

(d)  These interrogatory responses shall include all information available to you or your agents including your representatives or attorneys.

(e)  If in answering these interrogatories you encounter any ambiguities construing either a question, instruction or definition, set forth the matter deemed ambiguous and the construction used in answering.

(f)  Where the name or identity of a person is requested, please state the full name, home address, and business address of that person, if known.

(g)  Unless otherwise indicated, these interrogatories refer to the time, place, and circumstances the accident mentioned or complained of in the pleadings.

(h) Where knowledge or information in the possession of a party is requested, such requests include knowledge of the parties agents, representatives, and unless privileged his attorneys.  When answer is made by a corporate party, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his information.

(i)  The pronoun "you" refers to the parties to whom these interrogatories are addressed, and the persons mentioned in Paragraph (h) above.

## Definitions

As used in these interrogatories, the following terms are to be interpreted in accordance with these definitions:

(a)  The term "person" includes any individual, joint stock company, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any court, or any other governmental entity.

(b)  The terms "you" and "your" include their person(s) to whom these

interrogatories are addressed, and all of that person's agents, representatives, or attorneys.

(c)  The terms "document" or "documents" includes all "writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devises into reasonably usable form."

(d)  The terms "identify", 'identity" or "identification", when used in reference to a natural person, require you to state that person's full name, last known address, home and business telephone numbers, and present business affiliation.  When used in reference to a person other than a natural person, the terms "identify", "identity" or "identification", requires you to describe the nature of such person (that is, whether it is a corporation, partnership, etc. under the definition of "person" above), and to state that person's last known address, telephone number, and principal place of business.  Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only.

(e)  The terms "identify", "identity" or "identification" when used in reference to a document, require you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memorandum, telegram, chart, etc.).  If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and the reason for such disposition.  In lieu of so identifying a document, at your option you may attach an accurate copy of it to your answers to these interrogatories, appropriately labeled to correspond to the interrogatory in response to which it is being produced.

(f)  The term "accident" or "occurrence" means the collision or event referenced in Plaintiff's Complaint.

## **Interrogatories**

1. Please state your full name, address, date of birth, and social security number.

2. Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the

        information possessed by that person.

3. Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and attach to your answers any written report made by the expert concerning those findings and opinions.

4. If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody, or control of them.

5. Itemize and show how you calculate any economic damages claimed by you in this action, and describe any non-economic damages claimed.

6. Identify each person who has investigated the occurrence or its consequences.

7. Identify all persons not identified in your answers to the other Interrogatories who have personal knowledge of facts pertinent to the subject matter of this litigation.

8. Identify all persons not identified in your answers to the other Interrogatories who have information concerning the subject matter of this litigation.

9. State whether you have entered into any release, settlement or other agreement, formal or informal, whether reduced to writing or not, pursuant to which the liability of any person for any injury or damage arising out of the occurrence has been limited, reduced or released in any manner.

10. Identify all written or oral statements known to you that were made by any party that relate to the subject matter of this litigation, or which support any alleged claim and/or defense that you have asserted.

11. Identify all written or oral statements known to you that were made by Barbara A. Durham, Laura Greer or Leon Leftenant that relate to the subject matter of this litigation, or which support any alleged

claim and/or defense that you have asserted.

12. Identify all written or oral statements known to you that were made by Priscilla Davila, a/k/a Priscilla Davila-Burch that relate to the subject matter of this litigation, or which support any alleged claim and/or defense that you have asserted.

13. Please state all facts which support the allegations as set forth in paragraph twelve (12) of your Answer to Verified Amended Complaint that Plaintiff received the March 2, 2006, beneficiary form from Defendant Leftenant before the benefit was paid to Defendant Burch.

14. Please state all facts which support the allegations as set forth in paragraph Thirty Two (32) of your Answer to Verified Amended Complaint that the March 2, 2006 beneficiary form was signed by the Decedent and was properly and fully witnessed according to the District of Columbia Employee Group Life Insurance instructions, and, therefore, supersedes the 2004 form.

15. Please state all facts which support the allegations as set forth in paragraph Thirty Five (35) of your Answer to Verified Amended Complaint that Plaintiff was made aware of the March 2, 2006 beneficiary form prior to making any disbursement to Defendant Burch.

16. Identify all person present when Priscilla Davila, a/k/a Priscilla Davila-Burch allegedly executed the Designation of Beneficiary form dated March 2, 2006.

17. Identify all written or oral statements known to you that were made by any persons who were present when Priscilla Davila, a/k/a Priscilla Davila-Burch allegedly executed the Designation of Beneficiary form dated March 2, 2006.

18. Identify all written or oral statements known to you that were made by Priscilla Davila, a/k/a Priscilla Davila-Burch at the time surrounding her alleged execution of the Designation of Beneficiary form dated March 2, 2006.

19. Identify all written or oral statements known to you that were made by Priscilla Davila, a/k/a Priscilla Davila-Burch concerning the distribution of her estate or the insurance benefits that are the subject of this litigation.

20. Identify all heath care providers who have seen or treated Priscilla Davila, a/k/a Priscilla Davila-Burch during the Five (5) year period immediately preceding her death.

        Respectfully submitted,

        /s/
Harry A. Suissa
DC Bar No.: 962407
8720 Georgia Avenue, Suite 1010
Silver Spring, Maryland 20910
(301)589-1600
Attorney for Defendant Burch

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of September 2007, a copy of the foregoing **Defendant Raleigh L. Burch Jr.'s Interrogatories to Defendant Ehuniz Davila** was filed via the electronic case filing system of the United States District Court for the District of Columbia and accordingly, that the Court will send notice of this filing electronically to: Sheila Jane Carpenter at Jorden Burt, LLP, 1025 Thomas Jefferson Street, NW, Suite 400 East, Washington, DC 20007, email: sjc@jordenusa.com and to Angela S. Robinson at 152 Adams Street, NW, Washington, DC 20001, email: angela.robinson@asrobinson.net.

        /s/
Harry A. Suissa

6