UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STANDARD INSURANCE COMPANY,** )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>**RALEIGH L. BURCH, JR.,** *et al.*, )<br>)<br>)<br>*Defendants.* )<br>) | Case No.: 1:06-CV-1755 (RMC) |

**PLAINTIFF STANDARD INSURANCE COMPANY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
PETITION FOR AN ORDER TO SHOW CAUSE WHY
DEFENDANT RALEIGH BURCH SHOULD NOT BE HELD IN CONTEMPT**

Plaintiff Standard Insurance Company ("Standard") sued Defendant Raleigh L. Burch, Jr. ("Burch") on October 16, 2006 and served him with the Complaint and Motion for Temporary Restraining Order and Preliminary Injunction on October 17, 2006. Counsel for Standard called Burch at his home and office on October 16, 2006 in an effort to schedule the TRO hearing when the Complaint was filed.  He did not return these calls so counsel for Standard enclosed a cover letter with the service copy of the Complaint and Motion asking Burch to return the calls or have his attorney do so.  He did neither.  (Carpenter Decl. ¶¶ 3-5)

Neither did Burch return the telephone calls of the Court's law clerk.  The result of this evasion was that the first hearing on a temporary restraining order was not held until October 31, 2006.  The TRO was granted and Mr. Burch, who moved the majority of the money from Standard as soon as he got word from Standard of a second beneficiary form, was enjoined from spending funds derived from Standard.  The TRO

remained in place until the final hearing on Standard's Motion for Preliminary Injunction held on December 21, 2006.  At that hearing, the Court entered the PI which was to remain in place until the rightful owner of the life insurance proceeds could be decided.

The docket text reflects the language of the PI, as well as the prior TRO:

MINUTE ENTRY ORDER.  For the reasons stated in open court on December 21, 2006, Plaintiff's [dkt entry #4] Motion for a Preliminary Injunction is granted.  Defendant Raleigh Burch is enjoined from removing the remaining Life Insurance Benefit ("the Benefit") paid by Standard, or any portion of it, from the interest bearing Standard Secure Access Account ("the Account") which Standard established so that Defendant Raleigh Burch could cash checks on the Benefit following the death of his spouse.  Defendant Raleigh Burch is further *enjoined from spending or transferring any funds from the Benefit that once were in or are now in any bank account, investment account, or other financial account within his possession or control.*  Signed by Judge Rosemary M. Collyer on 12/22/06. [emphasis added]

There is nothing vague, ambiguous or complicated about this Order.  Burch did not seek to appeal the Order.  Neither he nor his attorney sought clarification from the Court of any aspect of the Order at any time.  As demonstrated by the Carpenter Declaration and the attachments thereto, Burch paid no heed to this Court's Order.  When counsel for Standard received Burch's bank records yesterday, it was plain that Burch had spent all the money he obtained from Standard.  Carpenter Decl. ¶¶10-11.

"Federal court orders are to be obeyed unless and until litigants succeed in having them duly overturned by the appropriate court of appeals.  Litigants may not defy court orders because their commands are not to the litigants' liking.  If the rule of law is to be upheld, it is essential that the judiciary takes firm action to vindicate its authority and to compel compliance with lawfully issued directives."  *American Rivers v. U.S. Army Corps of Engineers*, 274 F.Supp.2d 62, 70 (D.D.C. 2003)

> This Court has both an "inherent and a statutory power to enforce compliance with its orders through the remedy of civil **contempt**." *SEC v. Bilzerian,* 112 F.Supp.2d 12, 16 (D.D.C.2000) (citing *Shillitani v. United States,* 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966)).  A person is in **contempt** of court when he "violates a specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order."  *SEC v. Bankers Alliance Corp.,* 881 F.Supp. 673, 678 (D.D.C.1995) (citation omitted); *see also NLRB v. Blevins Popcorn Co.,* 659 F.2d 1173, 1184 (D.C.Cir.1981).  The contemnor's intent is immaterial; the Court need not determine whether a failure to comply with its order was either willful or intentional.  *Blevins Popcorn Co.,* 659 F.2d at 1184; *see also Food Lion, Inc. v. United Food & Commercial Workers Int'l Union,* 103 F.3d 1007, 1016-17 (D.C.Cir.1997).  The party seeking a finding of contempt has the burden of demonstrating, by clear and convincing evidence, that: (1) the Court's order was reasonably clear and specific; and (2) the alleged contemnor failed to comply with the Court's order.  *See Bankers Alliance Corp.,* 881 F.Supp. at 678; *Washington-Baltimore Newspaper Guild, Local 35 v. Washington Post Co.,* 626 F.2d 1029, 1031 (D.C.Cir.1980)."

*Lee v. Department of Justice*, 401 F.Supp.2d 123, 130-31 (D.D.C. 2005)

Here there can be no controversy as to whether the Court's order was "reasonably clear and specific."  Neither is there any question that Burch did not comply with the Order.  A review of his bank statements shows that he had tens of thousands of dollars in his accounts when the injunction was entered.  Now he has next to nothing.  *See* Carpenter Declaration ¶11 and attachments.

In addition to whatever sanction the Court may deem appropriate for Burch's contempt of its Order, Standard requests that it be awarded its attorneys' fees in connection with this Petition as well as its fees and costs associated with seeking the injunction.  Burch made a mockery out of that proceeding, first by stalling so he could spend more money, and more importantly, then by spending the remaining money from Standard like a drunken sailor, running through it in the course of a year.  He paid no heed to the injunction at all and should therefore be subject to severe sanctions.

A proposed order is attached hereto.

Date:  January 18, 2008                     Respectfully submitted,

*Sheila J. Carpenter*
Sheila J. Carpenter
DC Bar #935742
sjc@jordenusa.com
Robin Sanders
DC Bar #481523
rms@jordenusa.com
Jorden Burt LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C.  20007
Tel:  (202) 965-8165
Fax:  (202) 965-8104
Attorneys for Plaintiff