# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **STANDARD INSURANCE COMPANY,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No.:  1:06-CV-1755 (RMC)** |
| | ) | |
| **RALEIGH L. BURCH, JR.,** *et al.,* | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## JOINT PRETRIAL STATEMENT

Plaintiff Standard Insurance Company ("Standard"), Defendant Raleigh L. Burch, Jr. ("Burch"), and Defendants/Counterclaim Plaintiffs Kimberly A. Davila-Leftenant and Ehuniz L. Davila (collectively "Davila Defendants"), by their attorneys, respectfully submit this Joint Pretrial Statement.

**1.      Statement of the Case**

This litigation is a dispute over life insurance benefits paid on the life of Priscilla Davila, a former D.C. Public Schools employee.  As a result of Ms. Davila's death on April 10, 2006, Plaintiff Standard paid $172,033.99 of the life insurance benefit (approximately 50% of the policy's total benefit) to Defendant Burch, the deceased's estranged husband, and the remaining 50% to the Davila Defendants, her two daughters, based upon a beneficiary designation form submitted to Standard by the D.C. Public Schools.  Upon receipt of the benefits, Kimberly Davila Leftenant called Standard questioning why her share was not higher.  Thereafter, a second beneficiary form, designating only Ms. Davila's two daughters as beneficiaries, was submitted to Standard.  Defendant Burch disputes

that the second form is valid. The Davila Defendants assert that the second form is indeed valid and want the benefits paid to them accordingly.

Upon receiving and reviewing the second form and verifying that it had been received by the D.C. Public Schools, Standard requested that Burch return the funds so that Standard could re-allocate the benefits pursuant to the new beneficiary designation form. The parties do not agree as to the exact date and time when Defendant Burch became aware that the funds were in dispute. Standard's letter was dated October 12, 2006 and was sent via overnight courier.

When Burch did not respond, Standard filed suit seeking declaratory and injunctive relief as well as relief based upon a claim of unjust enrichment. This Court granted Standard's request for a temporary restraining order on October 31, 2006 and issued a preliminary injunction on December 22, 2006, both enjoining Burch from further spending any of the disputed insurance benefits.

Jurisdiction is based on diversity of citizenship in that Standard is an Oregon corporation with its principal place of business in Portland Oregon and Defendants are residents of the District of Columbia and Maryland. The amount in controversy exceeds the statutory threshold. Jurisdiction and venue are not disputed.

## 2.    Statement of the Parties' Claims and Defenses

Standard seeks a declaratory judgment as which beneficiary form is valid and thus to whom the disputed life insurance benefits should have been paid. If the Court finds that the second form is valid, Standard seeks a judgment against Burch for the benefits paid to him based on unjust enrichment. Burch asserts as his defense that he is the rightful beneficiary because the second claim form is not valid. Burch further asserts that even if the Court determines that the second claim form is valid, that he received the benefits under legitimate color of title and any benefits spent prior to the issuance of the preliminary injunction should not have to be paid back to Standard and that the

distribution of such funds by Standard to Burch was due to the negligence/mistake of Standard or some other third party.  The Davila Defendants assert that the second form is valid and they are the only beneficiaries of the disputed life insurance.  They have filed a counterclaim against Standard for the insurance benefit paid to Burch.  Standard asserts that it is not sure who are the rightful beneficiaries and cannot pay the Davila Defendants unless and until that question is resolved in their favor.

    **3.**       **Witnesses to be called**

<u>**Standard's Witnesses**</u>

1.    **Holly Carstens** – c/o Standard Life Insurance Company (1 hour)

    Ms. Carstens, Senior Life Benefits Analyst, will testify as to the handling of the Davila claim by Standard including how the disputed benefit came to be paid to Burch, his depletion of the Standard Secure Access Account through which the benefit was paid, the claim made by the Davila Defendants subsequent to the payment to Burch, Ms. Carstens's receipt, review of and research into the second beneficiary form, Standard's request to Burch for reimbursement and his failure to return the money.

2.    **Barbara Durham** – mother of decedent (15 minutes)

    Ms. Durham will testify that her daughter, Priscilla Davila, signed the second beneficiary form in her presence.

3.    **Representative(s) of D.C. public schools** (15 minutes)

    A representative of the D.C. public schools will be subpoenaed to bring the original of the second beneficiary form to the trial and to confirm that it was received by the school system prior to the death of Priscilla Davila.

4.    **Shiela Reid** (15 minutes)
    Supervisor
    Human Resources Employee Service Center
    D.C. Office of Personnel
    441 4th Street, N.W., Suite 340N
    Washington, D.C. 20001
    202-442-9655

    Ms. Reid will confirm that the District of Columbia received the second beneficiary form prior to the death of Priscilla Davila and that she provided a copy to Kimberly Davila-Leftenant.

5.      **#Representative of Bank of America** (10 minutes)

Bank of America will authenticate the bank's records with respect to Burch.

6.      **#Representative of Chevy Chase Bank** (10 minutes)

Chevy Chase Bank will authenticate the bank's records with respect to Burch.

**May be called:**

7.      **#Representative of Wachovia Bank** (10 minutes)

Wachovia Bank will authenticate the bank's records with respect to Burch.

8.      **Raleigh Burch** (30 minutes)

Burch will be asked to authenticate documents and to discuss his disposition of the money he received from Standard.

9.      **#Representative of Federal Express**

Federal Express will authenticate its record of delivery of Mr. Beauchamp's letter to Mr. Burch.

**#** If possible, this testimony will be replaced by offering the relevant documents pursuant to F.R.E. 902(11).

<u>**Burch's Witnesses**</u>

**Non-Expert Witnesses:**

<u>**Expected to testify:**</u>

1.      **Raleigh L. Burch, Jr.**  - time estimate and summary of testimony not supplied.

2.      **Khiry Burch -** Son of Raleigh Burch - time estimate not supplied.

Khiry Burch will testify as to Raleigh Burch's relationship with Ms. Davila-Burch at the time of her death.

Standard asserts that Khiry Burch should not be permitted to testify since his identity was not disclosed by Burch in discovery despite Standard's Interrogatory No. 1 to Burch:

"Identify each person who has or purports to have personal

knowledge of any facts relevant to the claims and defenses in this action."

       **3.**      **Standard Insurance Company (Holly Carstens) -** time estimate and summary of testimony not supplied.

       **4.**      **Ehuniz Davila** - time estimate and summary of testimony not supplied.

       **5.**      **Kimberly Davila-Leftenant -** time estimate and summary of testimony not supplied.

       **6.**      **Mary Greene** (Estimated length of testimony: 30 minutes)
              Human Resources Employee Service Center
              D.C. Office of Personnel
              441 4th Street, N.W., Suite 340N
              Washington, D.C. 20001
              202-442-9655

Ms. Greene can testify regarding the District of Columbia's receipt and processing of the March 2, 2006, beneficiary form as well as the policies and procedures of the District of Columbia regarding the receipt and processing of life insurance claims and beneficiary forms.

       **7.**      **Alicia J. Davis Waters** (Estimated length of testimony: 30 minutes)
              Human Resource Specialist (Benefits)
              Human Resources Employee Service Center
              D.C. Office of Personnel
              441 4th Street, N.W., Suite 340N
              Washington, D.C. 20001
              202-442-9655

Ms. Davis Waters will testify regarding the March 2, 2006, Beneficiary Form, in that it was not signed off on by the office of personnel. She will testify that there were inconsistencies on the form and that it was not certified by the office of personnel. Also, she will testify as the policies and procedures of the District of Columbia regarding the receipt and processing of life insurance claims and beneficiary forms.

       **8.**      **Alfred L. Bradley** (Estimated length of testimony: 30 minutes)
              D.C. Office of Personnel
              441 4th Street, N.W., Suite 340N
              Washington, D.C. 20001
              202-442-9706

Mr. Bradley can testify as to circumstances regarding the District of Columbia's receipt and processing of the March 2, 2006, beneficiary form, as well as the policies and procedures of the District of Columbia regarding the receipt and processing of life insurance claims and beneficiary forms

**<u>Will testify if necessary:</u>**

    **9.**    **Shiela Reid** (Estimated length of testimony: 30 minutes)
        Supervisor
        Human Resources Employee Service Center
        D.C. Office of Personnel
        441 4th Street, N.W., Suite 340N
        Washington, D.C. 20001
        202-442-9655

Ms. Reid can testify as to circumstances regarding the District of Columbia's receipt and processing of the March 2, 2006, beneficiary form, as well as the policies and procedures of the District of Columbia regarding the receipt and processing of life insurance claims and beneficiary forms.

        Standard does not believe that the "policies and procedures" of the District of Columbia in processing beneficiary forms can be offered to deny 1) Standard's right under the group Policy to determine the proper beneficiaries or 2) the insured's right to designate beneficiaries of his/her choosing.  Standard will thus object to testimony as to testimony concerning "policies and procedures" that usurp these rights.

Defendant Burch reserves the right to supplement the foregoing list.

**Expert Witness:**

    **10.**    **\*Katherine M. Koppenhaver**
        Forensic Document Examiners, Inc.
        P.O. Box 324
        Joppa, Maryland 21055
        410-679-8257

Ms. Koppenhaver will testify that the signature on the March 2, 2006 beneficiary form was not that of Priscilla Durham-Burch.  Ms. Koppenhaver is a recognized expert in the field of forensic document examination and has qualified as an expert is said field before both State and Federal courts.

### Davila Defendants' Witnesses

**\*Expert Witness:**

    1.          **John Hargett** (1 hour)
                 Forensic Document Examiner
                 John Hargett Associates, LLC
                 3004 Courtside Road, Mitchellville, MD 20721
                 Phone: (301) 218-1419

Mr. Hargett will testify that the signature on the March 2, 2006 Beneficiary Form was made by Priscilla Durham-Burch. Mr. Hargett is an expert in the field of forensic document examination and ahs qualified as an expert in forensic documents expert in both State and Federal Courts, and has not been disqualified by any court of law.

**Non-Expert Witnesses:**

    **2.**          **Ehuniz Davila** (30 minutes)
                 4312 G. Street, SE
                 Washington, DC  20019
                 (202) 215-5476

Daughter of Deceased will testify that she was present when her mother signed the March 2, 2006 beneficiary form, and though sick, she was of a sound mind. She will also testify that her mother personally delivered the form to the D.C. Office of Personnel. She will further testify that Mr. Burch and her mother were separated and led separate lives.

    3.          **Kimberly Davila-Leftenant** (30 minutes)
                 1310 Kingsbury Drive, Bowie, MD  20721
                 (301) 218-8031

Daughter of Deceased will testify that her mother signed the March 2, 2006 beneficiary form, and though sick, was of sound mind. She will also testify that her mother personally delivered the form to the D.C. Office of Personnel. She will further testify that Mr. Burch and her mother were separated and led separate lives.

    4.          **Leon Leftenant** (30 minutes)
                 1310 Kingsbury Drive, Bowie, MD  20721
                 (301) 218-8031
                 Son-in-law of the deceased

Mr. Leftenant will testify that he visited his mother-in-law in and out of the hospital on many occasions and she was of sound mind abut the time she signed the March 2, 2006 beneficiary form.

    5.     **Barbara A. Durham** (15 minutes)
          720 Hamilton Street, NW
          Washington, DC  20011
          (202) 829-8167
          Mother of the Deceased

Ms. Durham will testify that he was present when her daughter signed the March 2, 2006 beneficiary form, and she also signed as a witness.  She will also testify that her daughter was of a sound mind when she signed the form.

    6.     **Laura Greer** (15 minutes)
          8047 Felicity Court, Springfield, VA 22153
          The attending Nurse to deceased

Ms. Greer will testify that Priscilla Davila signed the second beneficiary form on March 2, 2006 in her presence, and that she signed the form as a witness.

    7.     **Mary Greene** (15 minutes)
          Human Resources Employee Service Center
          D.C. Office of Personnel
          441 4th Street, N.W., Suite 340N
          Washington, D.C. 20001
          202-442-9655

    8.     **Alicia J. Davis Waters** (15 minutes)
          Human Resource Specialist (Benefits)
          Employee Service Center

    9.     **Shiela Reid**, Supervisor (15 minutes)
          Human Resources
          Employee Service Center

    10.    **Tony Demasi**, Director (15 minutes)
          Human Resources
          Employee Service Center

Employees of the D.C. Office of Personnel.  Each of the witnesses listed 7 to 10 will testify to the authenticity of the March 2, 2006 designation of the beneficiary form.

**Exhibits to be Offered in Evidence**

Each party's exhibit list is attached with notations as to whether there is any objection by any other party.  Standard's list is attached as Ex. A, Burch's as Ex. B and the Davila Defendants' as Ex. C.

Standard reserves the right to add to its exhibit list since it has not received adequate responses to its discovery requests from Burch.

The Davila Defendants reserve the right to add to their exhibit list since counsel entered the case after discovery had been completed and because they have not received adequate responses to their discovery requests from Burch.

## Stipulations

Stipulations for all parties signed by counsel are attached hereto as Exhibit D.  Counsel did not have time to get all the parties' signatures and will submit a completely signed Stipulation shortly.  Stipulations between Standard and the Davila Defendants are attached as Exhibit E.  These will be signed by the Davila Defendants shortly.

## Motions *in Limine*

No motions *in limine* are anticipated.

## Depositions

No depositions were taken in this matter.

## Damages

Standard is seeking recovery of the $172,033.99 paid to Burch plus pre-judgment interest from October 15, 2006 in the event that Burch is found not to be entitled to the life insurance benefit in dispute.  The Davila Defendants seek recovery of the $172,033.99 life insurance benefit in dispute, plus pre-judgment interest from October 15, 2006 in the event they are found to be entitled to the life insurance benefit in dispute.  The Davila Defendants also seek attorney fees if they are found to be entitled to the life insurance benefit in dispute.  Standard disputes the right of the Davila Defendants to pre-judgment interest since the liability of Standard to them was in dispute.  Standard disputes their right to attorneys' fees since the American rule applies to this case and none of the

exceptions is applicable.  All parties request their costs in the event they prevail.  Standard has filed

a Petition for an Order to Show Cause in which it seeks an award of attorneys' fees against Burch for

its fees and expenses in connection with injunctive relief already received and in connection with its

Petition to Show Cause.

**<u>Other Relief Sought</u>**

Standard seeks a declaratory judgment as which beneficiary form is valid and thus to whom

the disputed life insurance benefits should have been paid.

Respectfully submitted,

*Sheila J. Carpenter*
Sheila J. Carpenter
DC Bar #935742
sjc@jordenusa.com
Robin Sanders
DC Bar #481523
rms@jordenusa.com
Jorden Burt LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C.  20007
Tel:  (202) 965-8165
Fax:  (202) 965-8104
Attorneys for Plaintiff
Standard Insurance Company

*Harry A. Suissa*
Harry A. Suissa
DC Bar #962407
suissalaw@aol.com
Matthew Hand (pro hac vice)
ublaw@hotmail.com
8720 Georgia Avenue
Suite 1010
Silver Spring, Maryland 20910
Tel:  (301) 589-1600
Fax:  (301) 589-7752
Attorneys for Defendant
Raleigh L. Burch, Jr.

*Uduak James Ubom*
Uduak James Ubom
DC Bar #449102
Ubom Law Group
7600 Georgia Avenue, NW
Suite 410-411
Washington, DC  20012
Tel:  (202) 723-8900
Fax:  (202) 723-5790
Attorney for Defendants/
Counterclaim Plaintiffs
Kimberly Davila-Leftenant
Ehuniz Davila

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that a copy of the foregoing and attachments thereto were filed via the electronic case filing system of the United States District Court for the District of Columbia on this 25th day of January 2008 and, accordingly, the Court will send notice of this filing electronically to Harry A. Suissa, Esquire, at suissalaw@aol.com and Uduak James Ubom, Esquire, at udubom@hotmail.com.

                        *Sheila J. Carpenter*
                        Sheila J. Carpenter

**Plaintiff Standard Insurance Company's Exhibit List**          **Case No.:  1:06-CV-1755 (RMC)**

| Ex. # | Description | Date on Doc. | Stip. | Off'd | Obj. | Adm. | Comments |
|-------|-------------|--------------|-------|-------|------|------|----------|
| 1 | **Group Policy issued to D.C. Public Schools with Addenda** | | Yes | | No | | |
| 2 | **Claim on life of Priscilla Davila submitted to Standard by D.C. Public Schools** | 9/12/2006 | Yes | | No | | Submitted to Standard by D.C. Public Schools in September 2006 |
| 3 | **Standard's claim file records re payment of proceeds** | 9/28-29/2006 | Yes | | No | | |
| 4 | **Fax to Alicia Davis-Waters attaching Second Beneficiary Form submitted re Priscilla Davila** | 10/5/2006 | No | | B | | B=objection by Burch |
| 5 | **File notes of Ms. Carstens's handling of the claim through October 5, 2006** | 9/25-10/5/2006 | No | | B | | |
| 6 | **Letter to Burch from Neil Beauchamp, Esq.** | 10/12/2006 | No | | B | | |
| 7 | **Federal Express confirmation of delivery** | 10/13/2006 | No | | B | | |
| 8 | **Records re Burch from Bank of America** | Various | No | | B | | |
| 9 | **Records re Burch from Chevy Chase Bank** | Various | No | | B | | |

**Plaintiff Standard Insurance Company's Exhibit List**          **Case No.:  1:06-CV-1755 (RMC)**

| Ex. # | Description | Date on Doc. | Stip. | Off'd | Obj. | Adm. | Comments |
|-------|-------------|--------------|-------|-------|------|------|----------|
| **10** | **Records re Burch from Wachovia Bank** | Various | No | | B | | |
| **11** | **Burch's Response to Standard's Discovery Requests** | | No | | B | | |
| **12** | **Checks written by Burch on Standard's Secure Access Account** | Various | No | | B | | |
| **13** | **D.C. Public Schools Office of Human Resources Service Request Form** | 2/6/2006 | No | | B | | |

Date:   January 25, 2008

Respectfully submitted,

**JORDEN BURT LLP**

By:     *Sheila J. Carpenter*
      Sheila J. Carpenter
      sjc@jordenusa.com
      DC Bar #935742
      Robin M. Sanders
      rms@jordenusa.com
      DC Bar #481523
      1025 Thomas Jefferson Street, N.W.
      Suite 400 East
      Washington, D.C. 2007-5208
      (202) 965-8100
      (202) 965-8104 (fax)
      Attorneys for Plaintiff
      Standard Insurance Company

## EXHIBIT LIST OF DEFENDANT RALEIGH BURCH, JR.

**Will offer if need arises:**

1. District of Columbia Life & Health Insurance Guaranty Association Act of 1992, undated.

2. Group Life Insurance Policy dated March 1, 2008

**Expected to be offered**:

3. Community Academy Public Charter Schools Conditional Promotion Agreement dated 6/28/05

4. Life Insurance Election dated 8/30/04

5. First Designation of Beneficiary, dated 4/05/04

6. Second Designation of Beneficiary, dated 3/02/06

7. Signature Page Fannie Mae Security Agreement, dated 10/03/03

8. Five Signature Pages of Settlement Documents, one dated 10/03/03, the rest are undated.

9. Three Invoices from Real Plumbers, 1st dated 11/15/03, 2nd undated, 3rd 4/26/03

10. Power of Attorney dated 3/22/06

11. Authorization to Release Medical Information dated 2/13/06

12. Kaiser Permanente Verification of Treatment dated 3/7/06

13. Kaiser Permanente Verification of Treatment dated 2/15/06

14. Kaiser Permanente Verification of Treatment dated 2/8/06

15. Washington Hospital Center Patient Consents and Releases dated 2/20/06

16. Washington Hospital Center Patient Consents and Releases dated 2/1/06

17. Washington Hospital Center Discharge dated 2/4/06

18. Letter to Dr. Wong dated 3/18/06

Defendant Burch reserves the right to supplement the foregoing list additional documents with current bank statements, and receipts and invoices evidencing expenses he has had since suit was filed.

Standard and the Davila Defendants have no objection to the above exhibits on the understanding that:

1.    Exh. 1 is offered because it is appended to Exh. 2

2.    Exhs. 3-18 are offered solely as exemplars of Priscilla Davila's handwriting considered by Burch's expert.

**Davila Defendants' Exhibit List**          **Case No.:  1:06-CV-1755 (RMC)**

| Ex. # | Description | Date on Doc. | Stip. | Off'd | Obj. | Adm. | Comments |
|-------|-------------|--------------|-------|-------|------|------|----------|
| 1 | **Group Policy issued to D.C. Public Schools with Addenda** | | Yes | | No | | |
| 2 | **Claim on life of Priscilla Davila submitted to Standard by D.C. Public Schools** | 9/12/2006 | Yes | | No | | Submitted to Standard by D.C. Public Schools in September 2006 |
| 3 | **Standard's claim file records re payment of proceeds** | 9/28-29/2006 | Yes | | No | | |
| 4 | **Fax to Alicia Davis-Waters attaching Second Beneficiary Form submitted re Priscilla Davila** | 10/5/2006 | No | | B | | |
| 5 | **File notes of Ms. Carstens's handling of the claim through October 5, 2006** | 9/25-10/5/2006 | No | | B | | |
| 6 | **Letter to Burch from Neil Beauchamp, Esq.** | 10/12/2006 | No | | B | | |
| 7 | **Federal Express confirmation of delivery** | 10/13/2006 | No | | B | | |
| 8 | **Records re Burch from Bank of America** | Various | No | | B | | |
| 9 | **Records re Burch from Chevy Chase Bank** | Various | No | | B | | |
| 10 | **Records re Burch from Wachovia Bank** | Various | No | | B | | |

**Exhibit C to Pretrial Statement**          - 1 -          **Davila Defendants' Exhibit List**

**Davila Defendants' Exhibit List**          **Case No.:  1:06-CV-1755 (RMC)**

| Ex. # | Description | Date on Doc. | Stip. | Off'd | Obj. | Adm. | Comments |
|-------|-------------|--------------|-------|-------|------|------|----------|
| **11** | **Burch's Responses to Standard's Discovery Requests** | | No | | B | | |
| **12** | **Burch's Answers to Davila Defendants' Interrogatories** | | No | | B | | |
| **13** | **Checks written by Burch on Standard's Secure Access Account** | Various | No | | B | | |
| **14** | **D.C. Public Schools Office of Human Resources Service Request Form** | 2/6/2006 | No | | B | | |
| **15** | **Certified copies of documents showing Civil Protection Order against Burch** | | No | | B | | |

Date:   January 25, 2008

Respectfully submitted,
*Uduak James Ubom*
Uduak James Ubom
DC Bar #449102
Ubom Law Group
7600 Georgia Avenue, NW
Suite 410-411
Washington, DC  20012
Tel:  (202) 723-8900
Fax:  (202) 723-5790
Attorney for Defendants/
Counterclaim Plaintiffs
Kimberly Davila-Leftenant
Ehuniz Davila

**Exhibit C to Pretrial Statement**          - 2 -          **Davila Defendants' Exhibit List**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **STANDARD INSURANCE COMPANY,** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| **v.** ) | **Case No.:  1:06-CV-1755 (RMC)** |
| ) | |
| **RALEIGH L. BURCH, JR.,** *et al.*, ) | |
| ) | |
| ) | |
| *Defendants*. ) | |
| ) | |

## STIPULATIONS OF ALL PARTIES

Plaintiff Standard Insurance Company ("Standard"), Defendant Raleigh L. Burch, Jr. ("Burch"), and Defendants/Counterclaim Plaintiffs Kimberly A. Davila-Leftenant and Ehuniz L. Davila (collectively "Davila Defendants"), by their attorneys, respectfully submit the following Stipulations which have been agreed to by all parties and their counsel.

1. Priscilla Davila ("Priscilla") died on April 10, 2006.

2. At the time of her death, Priscilla was employed by the District of Columbia Public Schools through which she was covered by Group Life Insurance Policy No. 641332-A issued to the District of Columbia government by Standard Insurance Company of Portland, Oregon "the Standard Policy").  Plaintiff's Exhibit 1 is a true and correct copy of the Standard Policy as of the time of Priscilla's death.

3. Priscilla had elected additional life insurance coverage in addition to the basic life insurance coverage paid for by the school system.  She had a total of $352,000 in life insurance through the Standard Policy.

4.  The claim for the life insurance proceeds on Priscilla was submitted to Standard by the D.C. Public Schools by letter dated September 12, 2006, with several attachments.  Plaintiff's Exhibit 2 is a true and correct copy of that letter with attachments.  Included with this package were a death certificate, the first beneficiary designation form dated April 5, 2004, beneficiary forms from Defendants Raleigh Burch, Kimberly Davila-Leftenant and Ehuniz Davila and other supporting material.

5.  The claim was received by Standard on September 18, 2006.

6.  Standard assigned the claim to Holly Carstens, Senior Life Benefits Analyst.  She believed the claim to be in order and sent checks for the proceeds under the Standard Policy to Burch, the Davila Defendants and the relevant funeral home on or about September 29, 2006.  Plaintiff's Exhibit 3 is a true and correct copy of Standard's records concerning that payment.

We all agree to these stipulations:

Standard Insurance Company

By:     *Neil A. Beauchamp*
        Neil Beauchamp
        Senior Attorney

_____
    Raleigh L. Burch, Jr.

Respectfully submitted,

*Sheila J. Carpenter*
Sheila J. Carpenter
DC Bar #935742
sjc@jordenusa.com
Robin Sanders
DC Bar #481523
rms@jordenusa.com
Jorden Burt LLP
1025 Thomas Jefferson Street, N.W.
Suite 400 East
Washington, D.C.  20007
Tel:  (202) 965-8165
Fax:  (202) 965-8104
Attorneys for Plaintiff
Standard Insurance Company

*Harry A. Suissa*
Harry A. Suissa
DC Bar #962407
suissalaw@aol.com
Matthew Hand (pro hac vice)

ublaw@hotmail.com
8720 Georgia Avenue
Suite 1010
Silver Spring, Maryland 20910
Tel: (301) 589-1600
Fax: (301) 589-7752
Attorneys for Defendant
Raleigh L. Burch, Jr.

*Uduak James Ubom*
Uduak James Ubom
DC Bar #449102
Ubom Law Group
7600 Georgia Avenue, NW
Suite 410-411
Washington, DC 20012
Tel: (202) 723-8900
Fax: (202) 723-5790
Attorney for Defendants/
Counterclaim Plaintiffs
Kimberly Davila-Leftenant
Ehuniz Davila

_____
Kimberly Davila-Leftenant


_____
Ehuniz Davila

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **STANDARD INSURANCE COMPANY,** ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| **v.** ) | **Case No.: 1:06-CV-1755 (RMC)** |
| ) | |
| **RALEIGH L. BURCH, JR.,** *et al.*, ) | |
| ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

**STIPULATIONS OF PLAINTIFF STANDARD INSURANCE COMPANY AND
DEFENDANTS EHUNIZ DAVILA AND KIMBERLY DAVILA-LEFTENANT**

Plaintiff Standard Insurance Company ("Standard") and Defendants/Counterclaim

Plaintiffs Kimberly A. Davila-Leftenant and Ehuniz L. Davila (collectively "Davila

Defendants"), by their attorneys, respectfully submit the following Stipulations which

have been agreed to by these parties and their counsel.  Defendant Raleigh L. Burch, Jr.

has refused to join in these stipulations.

1.    On the afternoon of October 2, 2006, Ms. Holly Carstens of Standard

received a telephone call from Kimberly Davila-Leftenant questioning why she had

received 15% of the proceeds instead of 50%.  The next day Ms. Carstens talked to Leon

Leftenant, Kimberly's husband, who said he would fax the second beneficiary form to

her.  Ms. Carstens received the fax on October 4, 2006.  She noted that it did appear to

have a date stamp from the school system.  She called Alicia Davis-Waters, one of her

contacts with D.C. Public Schools and left a message for her to call back concerning the

issue.  On October 5, 2006, Ms. Carstens faxed the form to Ms. Davis-Waters.  Plaintiff's

Exhibit 4 is a true and correct copy of this fax.

2.   Also on October 5, 2006, Ms. Carstens called Burch and left a message for him to call her.  He never returned her call.

3.   Plaintiff's Exhibit 5 is a true and correct copy of the file notes of Ms. Carstens's handling of the claim through October 5, 2006.

4.   On September 12, 2006, Neil Beauchamp, attorney for Standard, wrote to Burch and asked him to return the life insurance proceeds because they had been paid pursuant to a superseded beneficiary form.  Plaintiff's Exhibit 6 is a true and correct copy of Mr. Beauchamp's letter and Plaintiff's Exhibit 7 is a true and correct copy of Federal Express's confirmation of delivery.

5.   Mr. Burch did not respond to Mr. Beauchamp's letter.

6.   Plaintiff's Exhibit 8 consists of true and correct copies of records from the Bank of America concerning Mr. Burch's accounts.  No representative from Bank of America need appear for these records to be admissible.

7.   Plaintiff's Exhibit 9 consists of true and correct copies of records from Chevy Chase Bank concerning Mr. Burch's accounts.  No representative from Chevy Chase Bank need appear for these records to be admissible.

8.   Plaintiff's Exhibit 10 consists of true and correct copies of records from Wachovia Bank concerning Mr. Burch's accounts.  No representative from Wachovia Bank need appear for these records to be admissible.

9.   Plaintiff's Exhibit 11 is a true and correct copy of Burch's responses to Standard's Discovery requests.

10.   Plaintiff's Exhibit 12 consists of true and correct copies of check written by Mr. Burch on his Standard Secure Access account.

**Stipulations of Standard and the**          - 2 -          **Exhibit E to Pretrial Statement**
**Davila Defendants**

Date:  January 25, 2008

We all agree to these stipulations:                    Respectfully submitted,

                                                       *Sheila J. Carpenter*
                                                       Sheila J. Carpenter
                                                       DC Bar #935742
Standard Insurance Company                             sjc@jordenusa.com
                                                       Robin Sanders
By:     *Neil A. Beauchamp*                            DC Bar #481523
        Neil Beauchamp                                 rms@jordenusa.com
        Senior Attorney                                Jorden Burt LLP
                                                       1025 Thomas Jefferson Street, N.W.
                                                       Suite 400 East
                                                       Washington, D.C.  20007
                                                       Tel:  (202) 965-8165
                                                       Fax:  (202) 965-8104
                                                       Attorneys for Plaintiff
                                                       Standard Insurance Company

                                                       *Uduak James Ubom*
                                                       Uduak James Ubom
                                                       DC Bar #449102
_____                                Ubom Law Group
Kimberly Davila-Leftenant                              7600 Georgia Avenue, NW
                                                       Suite 410-411
                                                       Washington, DC  20012
                                                       Tel:  (202) 723-8900
_____                                Fax:  (202) 723-5790
Ehuniz Davila                                          Attorney for Defendants/
                                                       Counterclaim Plaintiffs
                                                       Kimberly Davila-Leftenant
                                                       Ehuniz Davila